HERDER, APPELLEE, v. HERDER, APPELLANT.

(No. 11767—Decided March 6, 1972.)

Messrs. Weber, Hensley & Nurre, for appellee.
Messrs. Benjamin, Faulkner & Tepe, for appellant.

SHANNON, J. This is an appeal upon questions of law from a judgment of the Court of Common Pleas of Hamilton County, Ohio, division of domestic relations.

A decree dissolving the marriage of the parties herein involved incorporated by reference a separation agreement arrived at by negotiation. About a year after the rendition of that decree, the plaintiff, appellee herein, filed a "motion to interpret decree," seeking an order "setting forth the effect of a stock split of the one hundred eighty (180) shares of stock awarded to plaintiff in paragraph two of the separation agreement * * *."

In that paragraph it is provided:

"The Husband agrees to transfer to Wife forthwith, five (5) shares of stock in The Procter & Gamble Company. Husband further agrees to irrevocably convey to Wife One Hundred Eighty (180) shares of stock in The Procter & Gamble Company from those shares held in trust for Husband by said, The Procter & Gamble Company at the earliest time possible under the terms of the trust plan of said company; provided, however, that if the terms of said trust plan will not permit the withdrawal of one hundred eighty (180) shares or more of said The Procter & Gamble Company stock, then, in that event said Hus-

band shall by this irrevocable agreement authorize the transfer to Wife, of fifty (50%) per cent of the shares he is permitted to withdraw at said earliest time, and shall by the terms hereof be authorized to withdraw the remaining fifty (50%) per cent in husband's name; and further, that this procedure shall be followed so long as limitation of withdrawal of said stock continues, until the full one hundred eighty (180) shares has been conveyed to Wife. It is the intention of this agreement that Wife and Husband shall be entitled to equal withdrawals of stock from said trust fund at the earliest time permitted, and that this withdrawal procedure shall be followed until Wife has received the number of shares provided herein.''

A hearing was had upon the motion and the court found that the shares of stock had become the ''absolute property'' of plaintiff as of the date of the separation agreement and, therefore, she was entitled to the benefits of the stock-split. It is from such judgment that this appeal is taken.

Defendant, appellant herein, assigns that (1) it was error for the trial court to modify, by interpretation, the clear and unambiguous language of the separation agreement and that (2) it was error for the trial court to modify, by interpretation, the division of property agreed upon because the trial court lacked jurisdiction to do so.

In support of these contentions, defendant has cited a number of hornbook principles to which, we agree, all courts must turn when construing a contract.

Unquestionably, a contract must be founded on a meeting of the minds and the parties are bound only by the words of the contract. There can be no intendment inconsistent with the express terms of a written contract, although the purpose and spirit, as well as the letter, of the instrument must be considered in its interpretation and application. Still, the scope of any provision must not be extended beyond the plain import of the words used when such give reasonable effect. A court cannot make contracts for others, read into them terms or language not

there, nor change the conditions of contracts lawfully made. See, generally, 11 Ohio Jurisprudence 2d, Contracts, Sections 132-134.

Here, the separation agreement states that the defendant agreed to irrevocably convey 180 shares of stock to plaintiff from the total held in trust for defendant.

Adopting defendant's argument that words should be given their normal and customary meaning, we contemplate first the import of the phrase "to irrevocably convey."

In Webster's New International Dictionary (2nd ed. unabr. 1934) the word "conveyance" is defined as follows: "4. Law. The act by which the title to property * * * is transferred; transfer of ownership * * *."

In the same work, we find the word "irrevocable" given to mean: "incapable of being recalled or revoked; past recall; unalterable."

Therefore, to convey irrevocably is to transfer the ownership of property to another completely; it is beyond the power of the transferor to revoke, recall or alter the transfer or conveyance.

The clear meaning, reached by the application of long accepted principles, of the disputed proviso in the case at bar is that the wife was given the full and complete interest and title then possessed by the husband in 180 shares of stock. We are not here concerned with the nature of such interest or title, but whatever identity it had, the wife acquired it without limitation.

Since we conclude that the wife got what the husband owned, it follows that she also took whatever might be derived by virtue of her ownership. In this instance, that is the benefit of a two for one stock split.

The questions raised by the contentions that the court below erred in modifying the contract by interpretation and that it lacked jurisdiction to do so are inextricable.

From the record before us, it is apparent that no objection to the entertainment of the motion by the court was made nor any mode of protest shown in the trial court raising the question of jurisdiction. Nevertheless, because

we believe it to be in the interest of justice, we will rule upon the issue involved.

Since the first general maxim of interpretation is that it is not allowable to interpret what has no need of interpretation (*Lawler* v. *Burt,* 7 Ohio St. 340 at 350), the court below has, in our opinion, performed a work of supererogation. We find that the separation agreement here is clear and unambiguous; its meaning is evident and there is no reason apparent to us to refuse to admit the meaning which it naturally presents. Consequently, the agreement needed no "interpretation," and while we agree with the conclusion reached below, the court should not have been put to the task.

Even so, the decree was not modified. It means now precisely what it meant when it was rendered; the bargain reached by the parties is exactly what it was on November 12, 1969 and on March 12, 1970, when the separation agreement was embodied in the decree for divorce.

We find no error prejudicial to the defendant and both assignments of error are not well taken. Therefore, the judgment of the Court of Common Pleas of Hamilton County, Ohio is affirmed.

*Judgment affirmed.*

HESS, P. J., and YOUNG, J., concur.