URAM, n.k.a. Hanlon, Appellant,

v.

URAM, Appellee.

[Cite as *Uram v. Uram* (1989), 65 Ohio App.3d 96.]

Court of Appeals of Ohio,
Summit County.

No. 14078.

Decided Oct. 18, 1989.

*Robert H. Brown,* for appellant.
*John O. McIntyre, Sr.,* for appellee.

*Per Curiam.*

Darla Uram, now known as Darla Hanlon, and Nicholas Uram dissolved their marriage on November 22, 1978, in Summit County. A separation agreement, drafted by Darla, who was a law student at the time, was attached and incorporated into the decree. The agreement provided for the custody, support, and college education of the parties' two children. Article 4 of the agreement states in relevant part:

"In addition to the provisions in the immediately preceding paragraph, Husband agrees to pay the cost of sending ARON and ALISON to college or some other post-high school educational institution, including the costs of such items as tuition, fees and books, until he or she receives a bachelor's degree or similar educational accomplishment through completion of his or her course of

study, dies, becomes self-supporting or reaches age 23, whichever event first occurs, but, in any event, shall continue only as long as he or she maintains satisfactory progress toward completion of his or her course of study and qualifies as a full time student under the rules and regulation of the education institution he or she is attending."

On July 20, 1988, Darla filed a motion in the Domestic Relations Division of Summit County Common Pleas Court seeking an order setting Nicholas's obligation to pay college expenses for their adult son, Aron. At a hearing on the motion, counsel for both parties presented statements, arguments, and financial affidavits. No testimony was taken.

The referee's report recommended that Nicholas pay for Aron's college expenses, including tuition, room and board, and books. Nicholas objected on the basis that room and board were not listed as expenses in the separation agreement. Without further hearing, the trial court made a finding sustaining in part Nicholas's objection as to college expenses, finding that Nicholas's obligation was limited to tuition, fees and books only. Darla appeals.

### Assignment of Error

"The trial court erred as a matter of law in limiting the defendant's obligation to pay college expenses to tuition, fees and books only when such language is not contained in the parties' separation agreement and is contrary to the agreement's clear intent and meaning."

The sole issue for this court to decide is the enforcement and interpretation to be given the provision contained in the separation agreement, incorporated into the decree of dissolution of marriage, which states: " * * * Husband agrees to pay the costs of sending Aron and Alison to college * * * including the costs of such items as tuition, fees and books * * *."

Where there is confusion over the interpretation to be given a particular clause in a separation agreement, the trial court in enforcing the agreement has the power to hear the matter, clarify the confusion, and resolve the dispute. *In re Dissolution of Marriage of Seders* (1987), 42 Ohio App.3d 155, 157, 536 N.E.2d 1190, 1192–93. The trial court has broad discretion in clarifying ambiguous language by considering not only the intent of the parties but the equities involved. *Id.* at 156, 536 N.E.2d at 1192. Absent a showing of an abuse of discretion, an interpretive decision by the trial court cannot be disturbed upon appeal. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.

In this case, the trial court interpreted the language in the separation agreement and found that Nicholas was obligated to pay college expenses for tuition, fees and books only. The trial court had the benefit of the referee's report, Nicholas's objections, and the brief in response to the objections.

A separation agreement is no different from any other contract, and the rules governing contracts generally govern the validity and interpretation of separation agreements. *Hawgood v. Hawgood* (1973), 33 Ohio Misc. 227, 235, 62 O.O.2d 427, 431, 294 N.E.2d 681, 686. A contract must be founded on a meeting of the minds, and the parties are bound only by the words of a contract. *Herder v. Herder* (1972), 32 Ohio App.2d 75, 76, 61 O.O.2d 62, 63, 288 N.E.2d 213, 214. A court cannot make contracts for others and may not read language or terms into a contract. *Id.* at 76–77, 61 O.O.2d at 63–64, 288 N.E.2d at 214–215.

In the case *sub judice*, the separation agreement defined "college costs" as including the costs of such items as tuition, fees and books. Applying the principle of *expressio unius est exclusio alterius*, which means that the expression in a contract of one or more things of a class implies the exclusion of all not expressed, the trial court did not abuse its discretion in limiting Nicholas's obligation to those terms specified in the agreement. To interpret the agreement as including room and board would require the trial court to read language into the agreement.

Additionally, provisions of separation agreements relating to support, maintenance and education of children are to be given a reasonable interpretation, so as to give effect to the intention of the parties. If Nicholas and Darla had intended for Nicholas to pay room and board, their intentions should have been set forth in the separation agreement. It is unreasonable to interpret the agreement as including room and board when they were not mentioned, particularly since Darla, who is asserting they are included, did not include the terms when she drafted the agreement. A contract which is ambiguous in its language is construed against the party who prepared it. *Smith v. Eliza Jennings Home* (1964), 176 Ohio St. 351, 355, 27 O.O.2d 305, 308, 199 N.E.2d 733, 736.

Applying these principles of contract construction, we find that the trial court did not abuse its discretion in determining that Nicholas's obligation with respect to paying college expenses was limited to tuition, fees and books. The assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD and HINES, JJ., concur.

CACIOPPO, P.J., dissents.

CACIOPPO, Presiding Judge, dissenting.

I respectfully dissent. In *In re Dissolution of Marriage of Seders* (1987), 42 Ohio App.3d 155, 536 N.E.2d 1190, we held that a trial court does not have

the power to modify the terms of a separation agreement entered into between the parties. In this case, the trial court has limited Nicholas's obligation far short of that which the parties intended.

This case does not present a situation in which an ambiguous term must be clarified. Although, standing alone, the term "college costs" is ambiguous, the list of terms which follow "college costs" in this case defines that term. The items listed after "college costs" are similar in nature. Tuition, fees and books are common and necessary expenses associated with a college education. On its face, the agreement defines "college costs" as those expenses ordinarily and customarily associated with college which are paid directly to the education institution, or arise through institution requirements. The word "including," which links "college costs" to "tuition, fees and books," is an inclusive, rather than an exclusive, modifier. "Including" indicates that the term "college costs" includes but is not limited to the items listed. Therefore, the agreement speaks to college costs other than those enumerated, but which are similar in nature.

If the agreement is construed strictly against the party who prepared it, Darla, then the term "college costs" includes those costs which are ordinary, customary and necessary college expenses. For example, the term "college costs" includes the cost of on-campus meals and housing where the fees for such are paid directly to the college. The term "college costs" excludes the cost of off-campus meals and housing where the fees for such are not paid directly to the college.