DEVAULT, Appellant,

v.

DEVAULT, Appellee.■

[Cite as *Devault v. Devault* (1992), 80 Ohio App.3d 341.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–1089.

Decided May 28, 1992.

*Harry Lewis Co., L.P.A., Harry Lewis* and *Vincent A. Dugan,* for appellant.

*Matan & Smith* and *Eugene L. Matan,* for appellee.

---

DESHLER, Judge.

Plaintiff-appellant, Erma Nell Devault, appeals the trial court's decision validating the antenuptial agreement between the parties and denying permanent spousal support.

On November 9, 1974, the parties were married in Columbus, Ohio. Prior to the marriage, the parties entered into an antenuptial agreement. The trial court entered a decree of divorce on February 27, 1989. Then, on December 20, 1990, this court remanded this case and ordered the trial court to provide sufficient findings of fact and conclusions of law. *Devault v. Devault* (Dec. 20, 1990), 90AP–257, unreported, 1990 WL 210670. In *Devault,* this court found that the trial court had failed to provide sufficient explanation of its award of sustenance alimony, its determination of the market value of the mobile home park, and its award of attorney fees. After remand, the trial court rendered a decision on August 26, 1991. That decision is the subject of this appeal.

On appeal, plaintiff-appellant raises four assignments of error:

"1. The lower court erred in refusing to make findings of fact and conclusions of law sufficient to determine whether there was an equitable division of marital and separate property pursuant to Ohio Revised Code 3105.171.

"2. The lower court erred in reversing its own finding that the antenuptial agreement was testamentary in nature and did not apply to divorce proceedings.

"3. The lower court erred in failing to find the mobile home park as a marital asset, due to the substantial improvements made during the fourteen (14) year marriage from the commingling of marital tangible and intangible assets.

"4. The lower court erred in failing to award permanent sustenance spousal support based upon the facts and evidence presented."

We first address the second assignment of error because we find the resolution of this error is dispositive of the case on appeal. By the second assignment of error, appellant contends the court should not have recognized the antenuptial agreement in determining the division of property or spousal support since, appellant alleges, the agreement dealt only with testamentary issues, saying nothing about its applicability to a divorce. Otherwise, appellant does not contend the agreement is invalid. In response, appellee, like appellant, makes no contention that the antenuptial agreement is invalid. However, appellee contends the antenuptial agreement was to apply to either divorce or death.

It is this court's conclusion that the antenuptial agreement, by its terms, clearly specifies and therefore limits the rights appellant gave up by signing the agreement. The agreement included provisions concerning the disposition or devolution of property and payments for sustenance upon the death of one or the other of the spouses. In substance, the agreement stated nothing about what would happen upon separation or divorce. The agreement makes provision for release of marital rights only upon death. Whether by intention or oversight, the agreement of the parties does not specifically call for its application to a divorce proceeding. Therefore, the agreement does not apply to the divorce proceedings at bar.

Accordingly, we sustain appellant's second assignment of error.

Related to the problems surrounding the second assignment of error is the trial court's lack of sufficient findings of fact and conclusions of law. This very issue was addressed in our earlier decision, *Devault, supra.*

Since we have ruled the antenuptial agreement of the parties does not apply to this divorce proceeding, it follows the trial court's failure to adequately set forth findings of fact and conclusions of law is error. We therefore sustain appellant's first assignment of error.

We are aware that our ruling that antenuptial agreements which fail to mention divorce do not apply to such runs contrary to the ruling in *Nighswander v. Nighswander* (Jan. 22, 1990), Seneca App. No. 13-87-2, unreported, 1990 WL 4242. However, we believe that we set forth the better view, which is consistent with the statement in *Herder v. Herder* (1972), 32 Ohio App.2d 75, 76-77, 61 O.O.2d 62, 63, 288 N.E.2d 213, 215: " * * * A court cannot make contracts for others, read into them terms or language not there, or change the conditions of contracts lawfully made. * * * " If the parties to an antenuptial agreement wish to have it apply in the event of a divorce, they should do so by express agreement.

Having found that the antenuptial agreement does not apply to the case *sub judice* and having consequently sustained appellant's first and second assignments of error, we remand this case to the trial court for consideration of the other issues involving property distribution and spousal support—those matters addressed in appellant's third and fourth assignments of error. They are not yet ripe for determination by this court and are overruled. Upon remand, the trial court should of course heed this court's admonitions in *Devault, supra,* so that this case, if again appealed, can be properly reviewed.

For the foregoing reasons, appellant's first and second assignments of error are sustained, the third and fourth assignments of error are overruled, and the matter is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

McCormac and Bowman, JJ. concur.