OPINION
Defendant-appellant, Charles Spahn, and plaintiff-appellee, Shirley A. Spahn, were married on December 2, 1967. They were divorced on August 25, 1983. A separation agreement executed by the parties was incorporated into the divorce decree. It contained the following provision:
 4. That the Defendant shall pay to the Plaintiff as and for permanent alimony the sum of $45.00 per week commencing February 18, 1983 and continuing until the Plaintiff should remarry, or cohabitate, or become deceased, or until all of said minor children become emancipated with said alimony to terminate on happening of any of said events which ever [sic] event occurs first. (Emphasis added.)
On February 21, 1996, appellant moved to terminate his spousal support[1] payments retroactive to November 11, 1993, the date on which the parties' youngest son, Bradley, turned eighteen. Appellant also requested that the trial court adjust his child support and spousal support arrearage to reflect Bradley's "emancipation on November 11, 1993." In his decision, the magistrate determined that Bradley became emancipated when he graduated from high school in June 1994, not when he turned eighteen. The magistrate also reduced appellant's arrearage from $11,208.02 to $4,606.22. Appellant objected to the magistrate's decision. Appellee also filed an objection claiming that the magistrate set the arrearage about $2,500 too low. The trial court modified the magistrate's decision, issuing an entry that states:
 Mr. Spahn's arrearage is 5308.22 [sic]. The balance of the decision is affirmed.
Appellant filed this appeal.
In his first assignment of error, appellant contends that the trial court erred by finding that Bradley was emancipated when he graduated from high school. Appellant argues that under the terms of the divorce decree, which requires appellant to pay spousal support "until all * * * minor children become emancipated" Bradley became emancipated when he turned eighteen, i.e., when he was no longer a "minor child." Under the facts of this case, we disagree.
The decision of the trial court in a proceeding involving modification of spousal support will not be disturbed absent an abuse of discretion. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, syllabus. An abuse of discretion is more than an error of judgment, "it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Id. at 219.
Where language in a separation agreement is ambiguous, the trial court may "hear the matter, clarify the confusion, and resolve the dispute." Uram v. Uram (1989), 65 Ohio App.3d 96,98. The trial court has broad discretion to clarify confusing language in such an agreement by considering the intent of the parties and the equities involved. Id.
In this case, the agreement states that appellee was to receive spousal support until all of her minor children were emancipated. Emancipation has been defined as a freeing of a minor child from parental control, and the determination of whether a child is emancipated "depends upon the particular facts and circumstances of each case." Dudziak v. Dudziak (1992), 81 Ohio App.3d 361,366, citing Price v. Price (1983), 12 Ohio App.3d 42. There is no indication in the record that the parties intended "emancipated" to mean the age of majority. The trial court determined that Bradley was not emancipated until he graduated from high school. While graduation from high school is not always synonymous with emancipation, in this case, where Bradley was still living with appellant when he turned eighteen, we find no abuse of discretion in the trial court's interpretation of the provision. Appellant's first assignment of error is overruled.
In his second assignment of error, appellant objects to the trial court's increasing his arrearage to $5,308.22 from $4,606.22 without providing findings of fact in support of its decision to do so. Appellant's argument is, in essence, that the trial court's decision is against the weight of the evidence. We agree.
Generally, judgments of the trial court supported by some competent, credible evidence will not be reversed as being against the manifest weight of the evidence. Ross v. Ross (1980), 64 Ohio St.2d 203,205. In this case, the magistrate's decision contained specific calculations to support the determination that appellant owed an arrearage of $4,606.22. The trial court increased this amount to $5,308.22, but provided no rationale for the increase. We have reviewed the record and find no apparent justification for increase. Accordingly, appellant's second assignment of error is sustained. This cause is remanded to the trial court with instructions to provide calculations that support its decision to increase appellant's arrearage.
Judgment affirmed in part, reversed in part and remanded.
POWELL, P.J., and KOEHLER, J., concur.
[1] As of January 1, 1991, the periodic payments of money for the sustenance or support of a spouse, formerly known as alimony, are called "spousal support."