OPINION
Appellant, Mark J. Pate, appeals from a decision of the Butler County Court of Common Pleas, Domestic Relations Division, that ordered him to pay uninsured medical expenses incurred for the treatment of his daughter, Natasha Pate.
Pate and appellee, Tamra J. (Pate) Berry, obtained a dissolution of marriage on November 15, 1990. Pursuant to the parties' separation agreement, which was incorporated into the dissolution decree, Berry was granted custody of Natasha. The separation agreement further provided that Pate would maintain health insurance for Natasha and that the parties would equally divide uninsured medical expenses incurred for Natasha.
Custody of Natasha was transferred to Pate in September 1992. In the spring of 1993, Natasha began to exhibit behavioral problems and started treatment with Dr. Maria Krocker-Tuskan, a child psychiatrist. Natasha was returned to Berry's custody on May 5, 1994 but her behavior continued to deteriorate. In November 1994, Natasha was suicidal and had to be hospitalized. After her release from the hospital, Natasha remained in therapy with Dr. KrockerTuskan. However, her behavior did not improve, and Dr. KrockerTuskan recommended that Natasha be enrolled in New Horizons Ministries ("New Horizons"), a residential treatment program for troubled youths. Natasha entered New Horizons on June 10, 1995 and remained at the facility until November 16, 1996.
When Berry regained custody in May 1994, she was ordered to provide health insurance for Natasha through the employer of her new husband, Theodore Berry. Natasha was enrolled under Mr. Berry's employer-provided health plan with Anthem Blue Cross and Blue Shield ("Anthem"), and Anthem provided partial coverage for Natasha's treatment at New Horizons through December 1995. In February 1996, Mr. Berry changed jobs, and although Natasha was enrolled under Mr. Berry's health plan with his new employer, Natasha's inpatient enrollment at New Horizons was deemed a preexisting condition for which there was no coverage.
Pate refused to have any contact with Natasha after Berry regained custody of her in May 1994. As a result, Pate did not have any involvement in Natasha's treatment and was not notified when she entered New Horizons. By October 1996, Natasha's uninsured medical expenses at New Horizons exceeded $38,000, and Berry sent a letter to Pate informing him that he was responsible for half of the outstanding bill. On January 15, 1997, Berry filed a motion for contempt based upon Pate's failure to pay any of the uninsured medical expenses.
After conducting a hearing, a magistrate issued a written decision on March 24, 1997. The magistrate determined that Pate was not in contempt, because "he honestly believed that he was not financially responsible for any portion of the bill." However, the magistrate found that the parties' separation agreement required that Berry and Pate equally divide Natasha's uninsured medical expenses. At the time of the hearing, the outstanding balance of Natasha's uninsured medical expenses totalled $40,450. After granting Pate a partial credit for child support that he paid while Natasha was enrolled in New Horizons, the magistrate determined that Pate was responsible for uninsured medical expenses in the amount of $20,505. The magistrate also gave Berry a credit for medical expenses that she had already paid and determined that she was responsible for the remaining uninsured medical expenses in the amount of $19,945. Pate filed objections to the magistrate's decision on April 8, 1997. On May 29, 1997, the trial court overruled Pate's objections and adopted the decision of the magistrate.
On appeal, Pate assigns a single assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN AFFIRMING THE DECISION OF THE MAGISTRATE.
In his assignment of error, Pate asserts that the trial court erred by finding that the parties' separation agreement required that Natasha's uninsured medical expenses be equally divided between him and Berry. A trial court retains jurisdiction to enforce and interpret a separation agreement. R.C. 3105.65(B); In re Dissolution of Marriage of Seders (1987), 42 Ohio App.3d 155,156. A separation agreement is a contract and its interpretation is a question of law. Tapp v. Tapp (1995), 105 Ohio App.3d 159,162; Forstner v. Forstner (1990), 68 Ohio App.3d 367, 372.
When the language of a separation agreement is ambiguous, a trial court may "hear the matter, clarify the confusion, and resolve the dispute." Uram v. Uram (1989), 65 Ohio App.3d 96,98. However, a trial court cannot read language or terms into a separation agreement. Herder v. Herder (1972), 32 Ohio App.2d 75,76; In the Matter of Howard (Nov. 1, 1993), Clermont App. No. CA93-03-016, unreported. Thus, if the terms of a separation agreement are clear and unambiguous, the words used must be given their plain and ordinary meaning and a court must give effect to the agreement's expressed terms. Leonard v. Leonard (Aug. 17, 1992), Butler App. No. CA91-08-143, unreported, at 7-8, citing Inland Refuse Transfer Co. v. Browning-Ferris Indus. of Ohio, Inc. (1984), 15 Ohio St.3d 321, 322.
Pate argues that he should not be held responsible for any of Natasha's uninsured medical expenses, because Berry did not give him notice prior to authorizing Natasha's treatment at New Horizons. The parties' separation agreement provides:
 UNCOVERED MEDICAL, DENTAL, DRUG AND OPTICAL Any medical, dental, drug or optical expenses not covered by insurance shall be divided equally between the parties.
The parties' separation agreement clearly and unambiguously provides that the parties will equally divide uninsured medical expenses incurred for Natasha. The separation agreement does not contain any terms that require Berry to provide notice to Pate prior to the authorization of treatment for Natasha. If the parties intended for there to be such a requirement, they should have inserted that specific condition in the agreement. See Howard at 5. Accordingly, since Berry was not required to provide notice to Pate prior to the authorization of Natasha's treatment, Pate is not excused from his responsibility to equally divide Natasha's uninsured medical expenses with Berry.
Pate also argues that he should not be held responsible for any of Natasha's uninsured medical expenses, because the record fails to show that Natasha's treatment was medically necessary and that New Horizons is a medically based facility. The parties' separation agreement provides that the parties will equally divide "any medical expenses" not covered by insurance. "Medical expenses" includes "all expenses and treatment for the child's health and well-being, whether physical or mental." Sterbling v. Sterbling (1987), 35 Ohio App.3d 68; McCulloch v. McCulloch (June 19, 1994), Portage App. No. 93-P-0062, unreported.
A review of the record reveals that the staff of New Horizons included a psychiatrist, clinical social workers and therapists. While attending New Horizons, Natasha participated in group and individual counselling and met with a psychiatrist once a month. Natasha also received medication during part of her time at New Horizons, and Dr. Krocker-Tuskan found that Natasha's participation in the program was medically necessary. Finally, after Natasha's treatment and release from New Horizons, her behavior improved dramatically and even Pate acknowledges that Natasha "seems to have herself together." Based upon the foregoing, we find that the cost for Natasha's treatment at New Horizons constituted "medical expenses" for purposes of the parties' separation agreement.
Pate argues that the magistrate erred by finding that he was only entitled to a partial credit for the child support that Berry received while Natasha was enrolled and living at New Horizons. Pursuant to Civ.R. 53(E)(3)(b), a party's objections to a magistrate's report must be specific and state with particularity the grounds for the objections. Civ.R. 53(E)(3) (b) further provides that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." A review of the record reveals that Pate never raised an objection to the magistrate's finding that Berry incurred additional expenses for Natasha besides the cost of her treatment at New Horizons. Likewise, Pate did not object to the magistrate's conclusion that Pate was only entitled to a partial credit for his child support payments due to these additional expenses. Therefore, Pate has waived his right to assert these errors on appeal. See Stuckey v. Stuckey (Oct. 6, 1997), Fayette App. No. CA97-03-006, unreported; Carlisle v. Carlisle (May 2, 1997), Licking App. No. 96 CA 131, unreported.
Finally, Pate argues that he should not be held responsible for any of Natasha's uninsured medical expenses, because Berry failed to satisfy her obligation of maintaining health insurance on Natasha's behalf. Although a memorandum in support of Pate's objections to the magistrate's report makes an isolated reference to Berry's alleged failure to maintain health insurance, this reference is insufficient to satisfy the requirements of Civ.R. 53(E)-(3)(b). Since Pate failed to make a specific objection and state with particularity the grounds for the objection, he has also waived this issue for purposes of appeal. However, even if Pate had properly made this objection in the trial court, we find that his argument lacks merit. The record does not show that Berry failed to satisfy her obligation of maintaining health insurance for the benefit of Natasha. Rather, the record shows that Natasha was always enrolled under Mr. Berry's health plans, but the plans only afforded coverage for some of Natasha's expenses at New Horizons.
Based upon the foregoing, we conclude that the magistrate properly interpreted the parties' separation agreement and ordered Pate and Berry to equally divide Natasha's uninsured medical expenses. Accordingly, the trial court did not err by adopting the decision of the magistrate and Pate's sole assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and KOEHLER, J., concur.