OPINION
Defendant-appellant, Larry Preston Key ("Key"), appeals a decision of the Madison County Court of Common Pleas, Domestic Relations Division, ordering that he reimburse plaintiff-appellee, Mary Wanda Key Rice ("Rice"), for certain college expenses incurred by the parties' daughter. The judgment of the trial court is affirmed as modified.
The parties were married in 1966 and divorced in 1984. They had one child, Shannon, who was born August 31, 1980. Pursuant to the parties' separation agreement, which was incorporated into the decree of divorce, Key is obligated to pay for Shannon's first two years of college education, including tuition, room and board, books, and institution-charged fees, as long as Shannon is enrolled as a full-time student and completes her first two years of college within three years of high school graduation.
Shannon graduated from high school in June 1998. She enrolled as a full-time student at Columbus State Community College the following autumn. She attended Columbus State as a full-time student during the fall quarter, and then as a part-time student during the subsequent winter and spring quarters. While attending Columbus State, Shannon continued to live at home with her mother.
Rice requested that Key pay for Shannon's college expenses totaling $1,146.84, including amounts for tuition, books, fees, internet access, and school supplies. Key responded by tendering a check for $443.45, the amount he felt was appropriate under the terms of the separation agreement.
In January 1999, Rice filed a motion with the trial court requesting that Key be found in contempt for failing to pay Shannon's college expenses. Rice requested that Key pay an unspecified sum for room and board since Shannon continued to live with her. She also requested that Key's child support obligation be retroactively modified, and that the separation agreement be modified to make Key responsible for all four years of Shannon's college education.
The trial court denied the latter two of these motions and recalculated the educational expenses for which Key was responsible. The trial court found that Key was responsible for the fall quarter tuition in gross, without a deduction for a tuition grant that Shannon received, and for the books and supplies purchased during the fall and winter quarters for which Shannon submitted receipts. Key appeals, raising seven assignments of error.
Assignment of Error No. 1:
 The Trial Court erred in holding that the Separation Agreement was clear and unambiguous and then expanding the terms of that contract.
Assignment of Error No. 2:
 The Court has no jurisdiction to modify the Separation Agreement.
Assignment of Error No. 3:
 The Trial Court erred to the prejudice of Defendant/Appellant by expanding the quarters that Defendant/Appellant is required to pay for full-time enrollment.
Key's first three assignments of error are related and therefore will be addressed together. In these assignments of error, Key contends that the trial court inappropriately modified the terms of the separation agreement to include, as his financial responsibility, additional educational expenses not specified in the parties' separation agreement.
A separation agreement is a contract. Its interpretation is a matter of law, and it is subject to the same rules of construction as other contracts. Forstner v. Forstner (1990), 68 Ohio App.3d 367,372. When enforcing a separation agreement incorporated into a divorce decree, a trial court has authority to hear the matter, clarify confusion over the interpretation of any particular clause, and resolve the dispute. Id. However, a court cannot read additional language or terms into the contract. Herder v.Herder (1972), 32 Ohio App.2d 75, 76. When the terms of the agreement are clear and unambiguous, the court need not go beyond the plain language of the agreement to determine the parties' rights and obligations. Leonard v. Leonard (Aug. 12, 1992), Butler App. No. CA91-08-143, unreported, at 7-8. Rather, the court must give effect to the contract's expressed terms, which are to be given their plain, ordinary, and common meaning. Id.;Forstner at 372.
The parties' separation agreement states in pertinent part: "Husband shall provide the first two (2) years of Shannon's expenses incurred for attending a college or university; said expenses shall include tuition, room and board, books, and institution charged fees. The child shall be enrolled as a full time student to receive the above funds and shall complete said two years within three years from the date of her high school graduation." The trial court stated that it found this language to be unambiguous. We agree. Because the language is unambiguous, the terms must be enforced as written, and the trial court was without authority to expand or otherwise modify the terms. Herder at 76.
The contract clause in question explicitly states the expenses for which Key is responsible: tuition, room and board, books, and any other fees charged by the educational institution. This list does not provide mere examples of expenses for which Key is responsible, as the trial court stated, but rather is a comprehensive list of those items for which Key is financially responsible. Key is to pay for the stated items for Shannon's first and second years of college, as long as she is a full-time student. The trial court erred by stating that Key is responsible for any additional quarters or semesters beyond Shannon's sophomore year, or any expenses other than those specifically listed in the separation agreement. Appellant's first three assignments of error are well-taken and sustained.
Assignment of Error No. 4:
 The Trial Court erred to the prejudice of Defendant by expanding the requirement of the Defendant to pay room and board to be defined as that which is charged and paid.
Pursuant to the parties' separation agreement, Key is responsible for paying for Shannon's room and board during her first two years of college. However, during her first year in college, Shannon continued to live with her mother and commuted to school. Rice subsequently requested that the trial court order Key to reimburse her for Shannon's living expenses while living at home. In its decision, the trial court stated: "When Shannon is living at home, there is no `room and board' unless actually charged and paid for." Key argues in his sixth assignment of error that he should never be obligated to pay for room and board while Shannon lives at home with her mother.
Although a trial court is without authority to amend or add terms to a contract, the trial court does have authority to clarify any unclear term. Forstner, 68 Ohio App.3d at 372. When so doing, the term should be given its plain, common, and ordinary meaning. Id. As commonly used, room and board refers to the provision of "regular meals and lodging usually for compensation." Webster's Third New International Dictionary (1993) 243. We find that the trial court's interpretation of the term "room and board" as food and lodging "charged and paid for," is reasonable considering the phrase's common meaning. While the evidence showed that Shannon did not pay for her lodging or meals while she lived with her mother, it is not inconceivable that Shannon's mother may in the future charge her for room and board if she continues to live at home.
The parties' separation agreement does not limit reimbursement for room and board to only that provided by a college or university. Rather, Key is obligated to pay for the actual expense incurred for Shannon's room and board during her first two years of college. To limit room and board to only that provided by a college would be to inappropriately add a contract term to the parties' separation agreement. Herder, 32 Ohio App.2d at 76. Appellant's fourth assignment of error is overruled.
Assignment of Error No. 5:
 The Trial Court erred to the prejudice of the Defendant by ordering Defendant to pay all the expenses listed in Plaintiff's Exhibit "G". [sic]
In his fifth assignment of error, Key argues that the trial court erred by ordering him to reimburse Rice for all of the expenses presented in her Exhibit G, including institutional fees, as well as textbooks and school supplies purchased during the fall and winter quarters, rather than just those textbooks purchased while Shannon was a full-time student in the fall quarter.
As stated in our response to appellant's first three assignments of error, the separation agreement must be read literally. Forstner at 372. The trial court cannot read additional terms into the contract. Herder at 76. According to the plain language of the separation agreement, Key is responsible for Shannon's books only when she is enrolled as a full-time student. Further, the separation agreement includes only books as Key's responsibility, and does not reference any other school supplies. Therefore, Key is only responsible for Shannon's books, not other school supplies, during the quarters that she is enrolled as a full-time student.
Further, pursuant to the parties' separation agreement, Key is responsible for "institution charged fees." This language too, is plain and clear. Key is responsible for those fees charged by the college or university that Shannon attends. The separation agreement places no limits on the term "fees," and it therefore encompasses all fees charged by the institution, such as those charged for matriculation, parking, student I.D., internet access and laboratory costs.
Rice's Exhibit G is a collection of receipts for Shannon's books, school supplies, and fees. The receipts range in date from August 1998 to January 1999 and include textbooks as well as various other school supplies. We find that the trial court erred by ordering Key to reimburse Rice for all of the expenses contained in Exhibit G. Key is only responsible for institution-charged fees and Shannon's textbooks, not other school supplies. Further, Key is only responsible for books purchased and fees paid during those quarters when Shannon was enrolled as a full time student.
Upon review of Exhibit G, the decision of the trial court is modified to order Key to reimburse Rice, in addition to Shannon's tuition, the cost of Shannon's books and institution charged fees while she was enrolled as a full-time student during the fall 1998 quarter, as follows: $14.00 (laboratory fee); $35.00 (matriculation fee); $15.00 (parking fee); $4.00 (I.D. card); $35.00 (internet fee); $36.07 (textbook, including sales tax); $27.50 (textbook, including sales tax); $16.35 (textbook); $37.30 (textbook); $76.75 (textbook); $7.50 (sales tax), for a total reimbursement of $304.37.
Assignment of Error No. 6:
 The Trial Court erred to the prejudice of Defendant in requiring the Defendant to reimburse tuition cost not incurred by the Plaintiff.
In his sixth assignment of error, Key takes issue with the trial court's requirement that he reimburse Rice for the gross amount of Shannon's tuition rather than the net amount paid after deducting a tuition grant received by Shannon.
Pursuant to the parties' separation agreement, Key is responsible for the stated "expenses incurred" during the first two years of Shannon's college education. Shannon received a $500 tuition grant during her first quarter of college which reduced her actual tuition bill. Both Rice and Shannon testified that there is no requirement that the grant be repaid. Accordingly, the amount of the grant shall be deducted from the amount Key owes Rice for the quarter's tuition as this amount reduces the actual expense incurred. However, Key's obligation would not be reduced by any educational loans taken out by Shannon or Rice, as loans which are applied against Shannon's tuition bill are an actual expense incurred in financing her education.
Appellant's sixth assignment of error is well-taken and sustained. The decision of the trial court is modified to reduce the amount Key owes Rice for Shannon's tuition by $500, the amount of the tuition grant Shannon received.
Assignment of Error No. 7:
 The Trial Court erred to the prejudice of Defendant in failing to provide for the release to Defendant sufficient school records, so that the Defendant could identify whether or not the student is full-time and whether or not there were any credits toward the tuition due.
In his final assignment of error, Key contends that the trial court erred by failing to provide a mechanism through which he can verify Shannon's status as a full-time student and the actual amount of Shannon's tuition and room and board expenses.
The assignment of error is well-taken and sustained. The decision of the trial court shall be modified to grant Key access to school records which will verify Shannon's status as a full-time student and the actual amount of Shannon's tuition and room and board expenses, before reimbursement is due.
Based on our resolution of the foregoing assignments of error, the decision of the trial court is modified as follows: The separation agreement is found to contain a comprehensive list of educational expenses for which Key is responsible. Key must reimburse Rice for Shannon's tuition, room and board, books, and institution charged fees during Shannon's first and second years of college, as long as Shannon attends school as a full-time student, and completes her first two years of college within three years of her high school graduation. Key is not responsible for any of Shannon's educational expenses beyond her sophomore year. Key owes Rice $304.37 for institution charged fees and books purchased during the fall 1998 quarter, but has no obligation to reimburse Rice for Shannon's books purchased during the following winter and spring quarters when she was a part-time student. Key shall receive a $500 credit against the amount he owes Rice for Shannon's fall 1998 tuition as a result of the tuition grant Shannon received. Finally, Key shall have access to Shannon's school records in order to verify her status as a full-time student and the actual amount of tuition paid, before reimbursement is due.
 ___________________ VALEN, J.
POWELL, P.J., and YOUNG, J., concur.