## Forstner v. Forstner
### [Cite as 8 AOA 624]

*Case No. 89-L-14-158*
*Lake County, (11th)*
*Decided December 7, 1990*

*Gail E. Sindell, 1100 Citizens Building, Cleveland, Ohio 44114, for Plaintiff-Appellant.*

*Nina Wright, 4230 State Route 306, Willoughby, Ohio 44094, for Defendant-Appellee.*

CHRISTLEY, P.J.

The parties to this appeal were married for approximately ten years and had two children, Gerald III and Kurtis. In October 1975, the Lake County Court of Common Pleas granted appellant, Judith Forstner, a divorce on the grounds of gross neglect of duty. As part of the divorce decree, the trial court approved and incorporated into its judgment a separation agreement, which the parties had negotiated and signed.

Under the terms of this agreement, appellant was given full custody of the children. The agreement also provided that appellee, Gerald Forstner, was obligated to pay appellant $115.38 per week in child support. Finally, in relation to the children, the agreement contained the following provision:

"11. Defendant, in addition to the provisions set forth in Paragraph 10, hereof, shall pay the cost for a *full* four year college education for each of the minor children should they qualify for and desire to attend college. Defendant shall be obligated to provide such education for a period not to extend past the 30th birthday of each child." (Emphasis added.)

After a ten year period of abiding by the terms of the separation agreement, the parties began to disagree as to the amount of child support appellee should be obligated to pay. Then, in January 1989, appellant moved the trial court for an order requiring appellee to show cause as to why he should not be held in contempt of court for failing to comply with the terms of the agreement. Specifically, the motion stated that appellee had refused to pay all of the expenses the parties' oldest child had incurred in attending college. Also under this motion, appellant moved for a modification of the support obligation and for attorney fees.

Following a five month delay, three separate hearings on appellant's motion were held before a court referee. Testimony presented at these hearings established:

1. that the child in question, Gerald, had unilaterally decided to attend Cornell University;

2. that the costs for attending this university for one year was approximately $19,000;

3. that appellee had disagreed with his son's choice, believing that he should attend a public university;

4. that during Gerald's first year at Cornell, appellee had only given him $10,000; and

5. that appellee was financially able to pay $19,000 a year for his son's college education.

In August 1989, the parties reached a settlement as to the support issue. That same month, the referee issued his findings and recommendations. As to the college question, the referee concluded that the provision in the separation agreement was silent concerning whether there was a limit upon appellee's obligation to pay for Gerald's education. The referee then recommended that the trial court apply a "reasonable standard" and only require appellee to pay $10,000. The referee also recommended that appellant's motion for attorney fees be denied.

Appellant filed objections to the referee's report. After appellee had responded, the trial

court issued its judgment entry, adopting the findings and recommendations of the referee. As a result, both the motion to show cause and the motion for attorney fees were denied.

On appeal to this court, appellant has raised the following assignments of error:

"1. The trial court erred to the prejudice of plaintiff-appellant in denying plaintiff-appellant's motion to show cause why the defendant should not be held in contempt for failure to pay for the college education of Gerald C. Forstner, III.

"2. The trial court erred to the prejudice of plaintiff-appellant in denying her motion for attorney's fees and costs."

Under her first assignment, appellant contends that the trial court erred in not finding appellee in contempt. Specifically, appellant maintains that the court erred in concluding that under the provision in the separation agreement, appellee was not required to pay all of the costs of Gerald's college education.

In support of her position, appellant has presented two arguments on this issue. First, she asserts that the term "college education" was not ambiguous, and thus that it was not necessary for the trial court to interpret the provision to only require appellant to pay a reasonable amount. Second, appellant argues that even if the trial court was correct in applying its "reasonable standard," the facts of the case would still warrant a judgment against appellee. We agree with both of appellant's propositions.

In arguing that the language of the college provision was not ambiguous, appellant cites the case of *Rand v. Rand* (June 28, 1984), Cuyahoga App. No. 47712, unreported. In that case, the provision in the separation agreement stated that the husband was obligated to pay the costs of a four-year, undergraduate college. degree. In appealing a finding of contempt for failing to follow the provision, the husband argued that he should not be required to pay the costs of sending his child to a private university as opposed to a public university. Rejecting this argument, the Eighth Appellate District noted the absence of any language in the provision limiting the husband's obligation to the costs of going to a public university.

Appellant also refers to a prior decision of this court. *Malkin v. Malkin* (May 26, 1981), Trumbull App. No. 2919, unreported. However-

er, the issue in that case was slightly different than the one in the instant case. There, the question was whether the term "college education" included room and board. This court held that the trial court could reasonably construe the term to include that expense. Also, see, *Wurts v. Wurts* (Sept. 19, 1986), Montgomery County App. 9098, unreported, citing ALR 2d 1323, Purview of gift, charge, or like, for "college education."

That appellate district further refined this conclusion. In *Wurts,* the court found that:

"Here, given both the broadness of the term 'college education', the lack of specific accompanying terminology, and that appellee's child support payments were '[b]ased upon the Husband's 1967 income of $13,195.00', we conclude that the parties and the court did not contemplate that appellee must provide tuition, fees, room and board for an undergraduate college without any reasonableness limitation and without any reference to appellee's financial ability to pay.

"However, we do not believe that any limitation regarding right of selection or income of the minor child can be inferred as being within the contemplation of the parties in the absence of any such express provisions accompanying the 'college education' obligation. In short, unlike the implied reasonable ability to pay limitation, these latter limitations if so contemplated by the parties should have been expressly provided for in the agreement." *Id.* at 12-13.

Since a separation agreement is a contract, its interpretation is a matter of law. It is subject to the same rules of construction as other contracts. *Uram v. Uram* (Oct. 18, 1989), Summit App. No. 14078, unreported. The primary principle which courts must follow is that the contract must be interpreted "so as to carry out the intent of the parties, ***." *Skivolocki v. East Ohio Gas Co.* (1974), 38 Ohio St. 2d 244, paragraph one of the syllabus. Pursuant to this rule, it has been held that when a term in an agreement is unambiguous, then the words must be given their plain, ordinary and common meaning; however, when the term is not clear, parole evidence is admissible to explain the meaning of the words. *Scartz v. Scartz* (Apr. 25, 1989), Franklin App. No. 88AP-724, 88AP-748; unreported.

However, in finding that the phrase "college education" is not ambiguous, this court does not require the trial court to define it in a vacuum. Per *Wurts,* its interpretation is also dependant upon its context, the surrounding separation agreement and divorce decree.

In *Wurts,* the father earned a modest income at the time of the divorce. That fact was of record in the entries at issue. At the time of the contempt proceedings, evidence was offered as to his current ability to pay. The *Wurts* court essentially held that the content of those particular entries implied a duty to educate commensurate with the non-custodial parent's social and financial circumstances which must then be balanced against the ability to pay.

Because the instant case was also a contempt proceeding, evidence as to current ability to pay was correctly admitted in order to make a comparison with the social and economic circumstances demonstrated in the original decree and separation agreement.

In the instant case, ability to pay was a non-issue. It was admitted that the appellee was a multimillionaire and could afford to pay the entire cost.

Similarly, the social and financial circumstances existing at the time of the decree and evident in that decree indicate that attendance at a private college was well within the contemplation of the parties at the time of the divorce. Thus, the burden was upon the appellee to specify any limitation in the interpretation of the phrase "college education."

In the absence of any such express or implied limitation, we determine, as a matter of law, that the term "college education" is unambiguous as it is used in this particular divorce decree and separation agreement; and, as such, it should be read and interpreted in its broadest sense, subject only to the ability to pay.

We find that, in effect, the referee and later the judge, modified rather than interpreted this particular child support provision. There was no jurisdiction to do so in a contempt action. Thus, applying a "reasonable standard" was in error once it strayed from the confines of the factual scenario set forth in the original decree and separation agreement. Even if such a modification were justified, appellee failed to show cause as to why he should not be held in contempt for not initiating a modification proceeding or a declaratory judgment action rather than unilaterally determining what he owed or would pay.

Even if it had been appropriate to evaluate "reasonableness" based upon parole evidence, the facts do not favor appellee. In justifying the selection of Cornell University, appellant emphasized the testimony of Gerald's High School advisor, who stated that a state university would not be an appropriate school for Gerald to attend. This opinion was based upon Gerald's exceptional educational achievements and background as well as his career goals. Appellant also emphasized the financial situation of appellee. Appellee's opposition was apparently based upon his unhappiness with the lack of consultation with himself in the selection process; his estrangement with his son; and his perspective that a state school would be more broadening and egalitarian than an ivy league school. He made no claim that at the time of the drafting of the agreement, it was agreed that his children would be limited to state schools. We know of no authority which makes the non-custodial parent's *present* relationship with his or her child a significant factor in interpreting an otherwise unambiguous term in a child support provision.

Appellant's second assignment raises an issue as to the denial of attorney fees by the trial court on the contempt motion. Having found that there was no inability to pay, the trial court had little else to consider in mitigation of the breach of the separation contract. A claim of ambiguity falls short.

"It is not enough for appellee to conclude that the separation agreement was ambiguous and simply stop paying. He had an affirmative duty to clarify the agreement's meaning and to continue with his obligation. Failure to do so constitutes default on his part.***" *Slotta v. Slotta* (July 28, 1989), Lake App. No. 13-081, unreported, at 12-13. Likewise, the assignment before us has merit.

The judgment of the trial court is reversed and remanded to the trial court for action consistent with this opinion.

FORD, J., concurs.
COX, J., dissents.

COX, J., dissenting.

I respectfully dissent with the opinion of the writer in this case.

The provision of item II of the separation agreement states: "*** Defendant *** shall pay the cost for a full four year college education."

There is no doubt that this agreement could have been more artfully drawn at the time and the extent and type of higher education spelled out clearly. It was not. Therefore, it was incumbent for the court to explain and determine what a "full four year college education" is.

The Domestic Relations Court was the proper court to make this determination since the parties could not agree. That being the case, the defendant should not be held to pay plaintiff's attorney fees solely because the title of the motion bringing this before the court is titled a "show cause in contempt." I would find appellant's second assignment of error to be without merit.

The issue as to what is a four year college education is not properly the issue that is raised in this appeal. The proper issues should be stated.

What should the non-custodial parents' contribution be when they agree to pay college costs?

The highest denominator (Ivy League) or the lowest (local community college)?

The trial court used the proper standard to determine this issue - what is reasonable?

To use any other standard we would have to say that the issue is to be determined by the custodial parent, the student, or the amount of money the non-custodial parent has; a very flawed standard.

I would find appellant's first assignment of error to be without merit.

COX, J., Seventh Appellate District, Sitting by Assignment.