OPINION AND JUDGMENT ENTRY
This is an accelerated appeal from a judgment of the Wood County Court of Common Pleas, Domestic Relations Division, in this post-divorce dispute. For the reasons stated herein, this court affirms the decision of the trial court.
Appellant, John L. Striff, sets forth the following assignment of error:
 "Whether the Trial Court erred in finding that a certain credit card debt incurred by Appellee was a debt of Appellant, notwith standing the clear and unambiguous language of a Separation Agreement providing that such debt was a debt of Appellee."
The following facts are relevant to this appeal. The parties were divorced on November 6, 1997. The parties entered into a separation agreement, prepared by appellant's attorney, which was incorporated into their divorce decree. The separation agreement provided in pertinent part:
"ARTICLE IV. EXPENSES AND DEBTS" * * *
 "2. Except as otherwise specifically provided for herein, Husband and Wife each agree that each shall be responsible for any debt or obligation incurred in his/her respective name, and shall indemnify and hold harmless the other party with regard to any such debt or obligation. Wife's separate debts
 include, but are not limited to, the Dis cover, MBNA, Advanta, First Card and Providian credit card accounts which exist in Wife's name as of the date of signing hereof. This provision shall apply to any debt or obligation, whether incurred prior to or after the date of this Separation Agreement." (Emphasis added.)
The transcript of the hearing at which the separation agreement was summarized on the record is not part of the record on appeal.
On April 9, 1998, appellee, Wanda L. Striff, filed a motion for contempt in which she argued that appellant had failed to pay her the full amount of a property settlement as set forth in the separation agreement. Per the separation agreement, appellant was to pay appellee $1,416 per month. A hearing on this motion was held on June 8, 1998. At the hearing, appellant testified that he received a credit card bill in October 1995; admitted that he had paid this credit card bill for two years before the parties' divorce; admitted that the credit card was in his name; and admitted that the credit card was not listed in the separation agreement as one for which appellee was responsible. Appellant also testified that the credit card bill was for appliances for the marital home which, according to the separa tion agreement, was awarded to appellee. Appellant testified that he had subtracted payments made on the credit card bill from the amount due to appellee as the monthly property settlement.
The magistrate filed his decision on July 1, 1998 to which appellant filed objections. On September 11, 1998, the trial court filed its order, adopting, in part, and modifying, in part, the magistrate's decision. The trial court did not find appellant in contempt but did order that appellant reimburse appellee for the total amount he deducted from her monthly property settlement for the credit card debt. Appellant filed a timely notice of appeal.
In his sole assignment of error, appellant contends that the trial court erred in finding that the credit card debt was his debt. This court finds no merit in this assignment of error. In Forstner v. Forstner (1990), 68 Ohio App.3d 367, 372, the court stated:
 "Since a separation agreement is a contract, its interpretation is a matter of law. It is subject to the same rules of construction as other contracts. (Citation omitted.) The primary principle which courts must follow is that the contract must be interpreted `so as to carry out the intent of the parties, * * *.' (Citation omitted.) Pursuant to this rule, it has been held that when a term in an agreement is unambiguous, then the words must be given their plain, ordinary and common meaning; however, when the term is not clear, parole evidence is admissible to explain the meaning of the words." (Citation omitted.)
In In re Dissolution of Marriage of Seders (1987),42 Ohio App.3d 155, the appellate court stated:
 "Whenever a clause in a separation agreement is deemed to be ambiguous, it is the respon sibility of the trial court to interpret it. The trial court has broad discretion in clarifying ambiguous language in a separation agreement by considering not only the intent of the parties but the equities involved."
In construing a settlement agreement, the intent of the parties is "presumed to reside in the language they chose to employ in the agreement." Kelly v. Medical Life Ins. Co. (1987), 31 Ohio St.3d 130,132. The court in Seders also stated: "An interpretative decision by the trial court cannot be disturbed upon appeal absent a showing of an abuse of discretion." (Citation omitted.)42 Ohio App. 3d at 156. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. (Citations omitted). After a thorough review of the record in the case sub judice, this court cannot find that the trial court abused its discretion.
Accordingly, appellant's single assignment of error is found not well-taken.
On consideration whereof, the court finds that substan tial justice has been done the party complaining, and the judg ment of the Wood County Court of Common Pleas, Domestic Relations Division, is affirmed. Appellant is ordered to pay the court costs of this appeal.
 JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J. JUDGE
Melvin L. Resnick, J. JUDGE
Richard W. Knepper, J. JUDGE
CONCUR.