OPINION
Plaintiff-appellant, Jennifer L. Howard, appeals a decision of the Butler County Court of Common Pleas, Domestic Relations Division, concerning the summer "extended visitation" of defendant-appellee, Pacer D. Howard, with the parties' two minor children.
The parties' marriage was terminated by divorce decree filed on October 21, 1998. That same day, the trial court adopted the parties' shared parenting plan ("SPP"). The SPP, which was incorporated into the divorce decree, provided that "[s]hould any major differences of opinion arise regarding the best interest of the children then, (absent an emergency) upon conference of both parents, an attempt must be made to resolve these differences through mediation or counseling by professional therapist or mediators * * * prior to seeking Court intervention." Attached to and incorporated into both the SPP and the divorce decree were the "Butler Country [sic] Domestic Relations Court Guidelines for Visitation" ("the guidelines"). The guidelines provided each parent with "extended visitation with the child(ren) for a period of two weeks during the summer[.]" The guidelines also required each parent to "give the other parent 60 days prior written notice of the dates he/she intends to exercise summer vacation visitation."
By letter dated June 29, 1999, Pacer requested extended visitation with his children from September 3 to September 19, 1999. Upon receiving the letter on July 1, 1999, Jennifer called Pacer and told him that the dates conflicted with their son's preschool schedule. The parties were unable to reach an agreement as to alternative dates during their telephone conversation. Subsequently, by letter dated July 7, 1999, Pacer requested extended visitation from August 20, 1999 to September 6, 1999. By letter dated July 22, 1999, Jennifer refused to release the children to Pacer for his extended visitation on the ground that Pacer's second request failed to give her the required sixty-day notice. Pacer subsequently filed a motion for contempt against Jennifer and the matter proceeded to a hearing before a magistrate.
By decision filed August 24, 1999, the magistrate found that pursuant to the guidelines, Pacer was entitled to have extended visitation with his children and granted him such visitation from August 20, 1999 to September 6, 1999. The magistrate also found that the parties' dispute regarding Pacer's extended visitation was not a mediation issue under the SPP. Jennifer filed objections to the magistrate's decision. Following a hearing on the objections, the trial court overruled Jennifer's objections and ruled that "in the future [Pacer] shall exercise the schedule "B" visitation, in the months of June, July or August, by giving [Jennifer] 30 days prior written notice." When asked by Jennifer why the parties could not keep the original sixty-day notice, the trial court replied "[b]ecause I think 30 days is quite reasonable, that's all." The trial court's decision was journalized in an entry filed on August 25, 1999. This appeal follows.
In her first assignment of error, Jennifer argues that the trial court erred by granting Pacer's extended visitation request in violation of the SPP's mediation provision which requires parties to mediate non-emergency matters prior to seeking court intervention.
The trial court has the responsibility to interpret and enforce the provisions in a shared parenting plan adopted by the court in a decree.Ellsworth v. Ellsworth (Dec. 24, 1998), Hamilton App. No. C-970916, 1998 Ohio App. LEXIS 6225, at *6, unreported. If the terms in an agreement are unambiguous, then the words must be given their plain, ordinary and common meaning. Forstner v. Forstner (1990), 68 Ohio App.3d 367, 372.
At the outset, we reject Jennifer's suggestion that the mediation provision requires any differences of opinion to be mediated before court intervention is sought. The mediation provision mandates mediation only in cases of "major differences of opinion * * * regarding the best interestof the children[.]" (Emphasis added.) The dispute between the parties was not about whether granting Pacer the summer extended visitation he was entitled to was in the best interest of the children. The guidelines mandate such visitation. Rather, the dispute merely involved possible dates for such visitation. We fail to see how a dispute regarding dates constitutes a major difference of opinion regarding the best interest of the children. We therefore agree with the magistrate that the parties' dispute did not require mediation under the mediation provision and find that the trial court did not err by granting Pacer's summer extended visitation request without first resorting to mediation. Jennifer's first assignment of error is overruled.
In her second assignment of error, Jennifer argues that the trial court abused its discretion when it sua sponte modified the SPP's notice requirement from sixty to thirty days.
We note at the outset that, unlike the mediation provision, which was a specific provision of the parties' SPP, the notice requirement is not a specific provision of the SPP. Rather, the notice requirement is part of the trial court's own guidelines which in turn were incorporated into both the SPP and the divorce decree. Therefore, we find that R.C.3109.051(F)(2) (which governs visitation rights), rather than R.C.3109.04(E)(2)(b) (which governs shared parenting), applies to the case at bar.
The Ohio Supreme Court has held that decisions regarding parental rights of visitation are within the trial court's discretion. Booth v.Booth (1989), 44 Ohio St.3d 142, 144. Abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
R.C. 3109.051(F)(2) grants a trial court discretion to deviate from its standard visitation guidelines based upon the factors listed in R.C.3109.051(D), which include (1) the child's and parents' available time, including each parent's employment schedule, the child's school schedule, and the child's and the parents' holiday and vacation schedule; (2) each parent's willingness to reschedule missed visitation and to facilitate the other parent's visitation rights; and (3) any other factor in the best interest of the child. R.C. 3109.051(D)(3), (10), and (15) respectively. The ultimate decision to apply the visitation guidelines rests with the trial court. Badovick v. Badovick (1998),128 Ohio App.3d 18, 26.
In the case at bar, the trial court did not state any reason for deviating from the notice requirement of the guidelines other than its belief that thirty days was "quite reasonable." However, the record clearly shows that the trial court had before it evidence relating to the foregoing statutory factors. We find that the following was evidence sufficient for the trial court to make a decision as to which notice requirement would be in the children's best interest.
By letter dated June 29, 1999, Pacer requested extended visitation with his children from September 3 to September 19, 1999. It is clear that Pacer's first written notice complied with the sixty-day notice requirement. Upon receiving the letter, Jennifer called Pacer and told him that the dates conflicted with their son's preschool schedule. The parties were unable to reach an agreement as to alternative dates during their telephone conversation.[1] Subsequently, by letter dated July 7, 1999, Pacer requested extended visitation from August 20, 1999 to September 6, 1999. By letter dated July 22, 1999, Jennifer refused to release the children to Pacer for his extended visitation on the ground that Pacer's second request failed to give her the required sixty-day notice. Unable to timely schedule mediation, Pacer subsequently filed his motion for contempt.
The record clearly shows that were it not for Pacer's motion for contempt, especially in light of the difficulty of scheduling timely mediation, Pacer might not have been able to exercise his summer extended visitation. Confronted with the foregoing evidence, the trial court chose to reduce the notice requirement from sixty to thirty days. We find no abuse of discretion in a trial court's decision to tailor its guidelines' notice requirement to the situation before it, especially when such decision will ultimately benefit the children, who have been caught in their parents' tug-of-war.
While the trial court did not refer to R.C. 3109.051(D) or (F)(2), we find that "the court's reasons for [modifying its guidelines' notice requirement] were obvious enough under the circumstances that * * * the trial court's failure to state its reference to the factors contained in R.C. 3109.051(D) did not prejudice" Jennifer. Badovick,128 Ohio App.3d at 26. Jennifer fails to specify how the modification of the notice requirement either harms her or is not in the best interest of the children. We therefore find that the trial court did not abuse its discretion by reducing its guidelines notice requirement from sixty to thirty days. Jennifer's second assignment of error is overruled.
 ______________________ WALSH, J.
YOUNG, P.J., and VALEN, J., concur.
[1] The record before the magistrate shows that the parties were unable to agree to alternative dates because of Jennifer's insistence that the children be with her on August 23. Jennifer did not tell Pacer why at the time. The hearing before the magistrate revealed that the reason why Pacer could not have the children on August 23 was because, as she had done in the past, Jennifer intended to take the children to the play area of a McDonald restaurant. Although the trip to the fast food restaurant could arguably have been postponed, Jennifer was apparently unwilling to do so.