[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Mark H. Biehl appeals from the judgment of the trial court that overruled his objections and adopted the magistrate's decision finding in favor of the plaintiff-appellee Debbie L. Stroube. The trial court ordered that Biehl begin payments for his half of the parochial school education cost of his minor children, as agreed to in a separation and settlement agreement "made a part of the * * * Decree of Divorce" journalized on February 28, 1991.
Biehl's single assignment of error contends that the trial court's decision was against both the weight and sufficiency of the evidence. In a civil case, the test for sufficiency and manifest weight of the evidence is essentially the same.[1] An appellate court will not reverse a civil judgment on the weight of the evidence if it is supported by some competent, credible evidence going to all the essential elements of the claim or defense.[2]
The parties disagree about the interpretation of a portion of their separation and settlement agreement, which reads,
 [I]f financially able, the parties agree that the minor children shall be educated in the parochial school system. Husband shall pay all tuition costs for the school year 1990-91. The parties agree to split equally all tuition costs of said education for school year 1991-92 and subsequent school years.
 "In enforcing a separation agreement that has been incorporated into a divorce decree, the trial court has the authority to hear the matter, clarify any confusion over the interpretation to be given a particular clause, and resolve the dispute."[3] "A separation agreement is a contract and is subject to the same rules of construction governing any other contract."[4] Its interpretation is a matter of law.[5]
On February 10, 2000, the magistrate conducted a hearing on the dispute at which both parties testified. The magistrate heard testimony about the parochial school education cost and about Biehl's income. On February 14, 2000, the magistrate entered his decision with detailed findings of fact and conclusions of law and ordered Biehl to commence paying $3,229.90, in $100.00 monthly installments.
On February 24, 2000, Biehl filed objections to the magistrate's decision. Biehl objected that the magistrate's finding that he was financially able to provide his share of the parochial school education cost was against the manifest weight of the evidence, and that it was an abuse of discretion to invoke R.C. 3113.21.5(B)(5)(f) and impose a post-decree financial obligation on him for private school education expenses. An abuse of discretion connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable.[6]
On April 13, 2000, the trial court conducted a hearing on the matter. Biehl argued, in part, that there has to be both financial ability and agreement between the parties, and that "the mother made a unilateral decision [that was] not by agreement of the parties." On May 18, 2000, the trial court filed an entry in which it overruled Biehl's objections and adopted the magistrate's decision.
The plain language of the separation and settlement agreement shows unequivocally that the parties agreed to give their children a parochial school education and to share the cost, as long as the financial ability to pay for it existed. Having determined that agreement existed between the parties for sharing the parochial school education cost, the trial court properly invoked R.C. 3113.21.5(B)(5)(f), which provides in relevant part: "[T]he court shall issue a separate order for extraordinary medical or dental expenses, including, but not limited to, orthodontia, psychological, appropriate private education, and other expenses, and may consider the expenses in adjusting a child support order."
After reviewing the entire record, we hold that there was competent, credible evidence to support the magistrate's findings that there was agreement between the parties to give their children a parochial school education and to share the cost, and that Biehl had the financial ability to contribute his share, and to support the trial court's order that Biehl commence payment for his share of the cost. Biehl's assignment of error is overruled.
Accordingly, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] See Cole v. Complete Auto Transit, Inc. (1997), 119 Ohio App.3d 771,696 N.E.2d 289; Duvall v. Time Warner Entertainment Co. (June 25, 1999), Hamilton App. No. C-980515, unreported.
[2] See Myers v. Garson (1993), 66 Ohio St.3d 610, 614 N.E.2d 742;C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578, syllabus.
[3] Troha v. Troha (1995), 105 Ohio App.3d 327, 332, 663 N.E.2d 1319,1322.
[4] Arcuri v. Arcuri (Nov. 3, 2000), Hamilton App. No. C-990802, unreported, citing Forstner v. Forstner (1990), 68 Ohio App.3d 367,372, 588 N.E.2d 285, 288.
[5] See Forstner v. Forstner, supra, at 372, 588 N.E.2d at 288.
[6] See Arcuri v. Arcuri, supra, citing Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, 1142.