OPINION
This timely appeal arises from the decision of the Mahoning County Common Pleas Court, Domestic Relations Division, overruling the motion of Appellant, Ursula Gail Polish, seeking payment of medical expenses for the parties' minor child. For the following reasons, we affirm the judgment of the trial court.
The facts of this case are not in dispute. Prior to divorcing, Appellant and her ex-husband, Appellee John J. Polish, entered into a separation agreement on October 14, 1993. Article 4 of the parties' separation agreement stated in pertinent part:
 "The wife/Mother shall be responsible for one hundred ($100.00) Dollars in medical expenses per year, per child, for the minor child not covered by hospitalization. The Husband/Father shall be responsible for any amount over one hundred ($100.00) Dollars per year that is not covered by hospitalization insurance."
By judgment entry filed on November 28, 1994, the trial court determined that the separation agreement was valid, with one exception not relevant to this appeal. The trial court granted a divorce to the parties in a judgment entry filed on November 22, 1995.
While the parties were separated but prior to their divorce, their only minor child was injured in an automobile accident. The child required extensive medical treatment and accrued considerable medical expenses. Medical insurance paid all but $646.25 of the expenses. Appellant paid no part of the medical bills.
Lawsuits filed regarding the child's injuries, including the parties' loss of consortium claims were settled for a total of $232,500.00. $150,000.00 was allocated to the child and $82,500.00 to Appellant and Appellee. Community Mutual Insurance received $25,000.00 from the tortfeasor's insurance company in satisfaction of a subrogation lien. This $25,000.00 was deducted from the $82,500.00 the parties were to receive for their loss of consortium claims. The remaining balance, $57,500.00, was equally divided between Appellant and Appellee. Both Appellant and Appellee signed distribution statements which clearly indicate the subrogation settlement amount.
On October 15, 1998, Appellant filed a motion requesting reimbursement from Appellee for medical expenses paid on behalf of the minor child. Appellant asserted that the $12,500.00 deducted from her share of the settlement constituted payment of medical expenses not covered by medical insurance pursuant to Article 4 of the separation agreement. The trial court overruled Appellant's motion on March 22, 1999, stating that no unpaid medical expenses existed. Appellant filed her notice of appeal on April 21, 1999.
Appellant's sole assignment of error on appeal alleges:
 "THE TRIAL COURT ERRED IN OVERRULING THE DEFENDANT-APPELLANT'S MOTION BY FAILING TO PROPERLY INTERPRET AND APPLY THE PARTIES' SEPARATION AGREEMENT REGARDING THE ALLOCATION OF FINANCIAL RESPONSIBILITY AS RELATED TO THEIR CHILD'S MEDICAL EXPENSES."
Appellant reiterates her argument to the trial court that the money paid to Community Mutual Insurance from her loss of consortium settlement represented unpaid medical expenses for which Appellee was responsible under the terms of the separation agreement. We find that this argument lacks merit.
We have previously stated that when reviewing a domestic relations appeal, this Court examines the decision below to see if it was fair, equitable and in accordance with the law. Apicella v. Apicella (Nov. 15, 1999), Belmont App. No. 97-BA-65, unreported, *3 citing Kaechele v.Kaechele (1988), 35 Ohio St.3d 93, 94; Martin v. Martin (1985),18 Ohio St.3d 292, 295. In making this determination, however, we cannot substitute our judgment for that of the trier-of-fact unless the trial court's decision amounts to an abuse of discretion. Apicella v.Apicella, *3 citing Kaechele v. Kaechele; Martin v. Martin, supra, 294-295. Abuse of discretion is more than an error of law or judgment, it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. Apicella v. Apicella, *3 citing Kaechele v. Kaechele;Martin v. Martin, supra, 295; Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
In the present case, neither party disputes that the separation agreement is a contract and is subject to the same rules of construction as other contracts. Forstner v. Forstner (1990), 68 Ohio App.3d 367,372. The parties also agree that the terms are unambiguous and must be given their plain, ordinary and common meaning. Id. The terms of the separation agreement undisputedly charge Appellee with paying all medical expenses for the minor child in excess of $100.00 which are not paid by medical insurance. In its judgment entry denying Appellant's motion, the trial court stated that unpaid medical expenses did not exist. We must agree with this finding.
Appellant has not demonstrated that she has paid any of her minor child's medical expenses. Rather, Appellant illogically argues that the money paid from her share of the settlement to Community Mutual Insurance in satisfaction of a subrogation lien constituted payment of unpaid medical expenses. Subrogation is defined as, "[t]he substitution of one person in the place of another with reference to a lawful claim, demand or right, so that he who is substituted succeeds to the rights of the other in relation to the debt or claim, and its rights, remedies, or securities." Black's Law Dictionary (5 Ed.Rev. 1979) 1279. In the present matter, it is clear that the subrogation rights of Community Mutual Insurance stemmed from its payment of medical expenses on behalf of Appellee for the minor child, entitling the insurer to reimbursement from the tortfeasor. In fact, the disbursement statements signed by Appellant and Appellee clearly indicate that the tortfeasor's insurer directly paid these amounts to Community Mutual Insurance.
The record is clear that Appellant paid no medical expenses. Accordingly we cannot find that the trial court abused its discretion. Therefore, we affirm the judgment of the trial court.
DONOFRIO, J., concurs, DeGENARO, J., concurs.