OPINION
{¶ 1} Dolly Lynn Graham ("appellant") appeals the January 28, 2002 judgment entry of the Geauga County Common Pleas Court, Domestic Relations Division. In that decision, the trial court, upon a motion to modify child support filed by appellant, increased the monthly amount of child support due from appellant's ex-husband D. Alan Graham ("appellee"). However, in determining the increase, the trial court included a previously agreed upon downward deviation in the amount of $5,946.53. It is this deviation that serves as the basis for Dolly Lynn Graham's appeal.
 {¶ 2} Appellant and appellee were granted a divorce by the trial court in a judgment entry journalized on February 27, 2001. As part of the proceedings, the parties entered into a shared parenting agreement with regards to the care and custody of their three children. It is important to note, that, pursuant to R.C. 3119.24 and the Ohio Child Support Guidelines, appellee was ordered to pay monthly child support in the amount of $166.66 per child. As indicated on the child support worksheet, an agreed upon downward deviation in the amount of $5,946.53 was used in calculating the monthly amount due from appellee. The child support and deviation amounts were incorporated into the shared parenting plan via Article 7 of the agreement.
 {¶ 3} Appellant subsequently filed a motion to modify child support on July 25, 2001. Appellant cited an increase in appellee's income as the reason for filing the motion. A hearing on the motion was held before the magistrate on December 3, 2001. At the hearing, the record indicates that appellee presented uncontroverted testimony that the deviation originally agreed upon was the result of extended parenting time granted appellee in the shared parenting agreement. In her decision on December 5, 2001, the magistrate increased appellee's child support payments from $166.66 to $197 per month, per child, noting that while appellee's income had increased, the downward deviation originally agreed upon in the shared parenting plan was still applicable. The trial court adopted the magistrate's decision on January 28, 2002. This timely appeal followed, and appellant asserts two assignments of error for our review:
 {¶ 4} "[1.] The trial court erred by failing to Strictly [sic] comply with Section 3119.22 O.R.C. as mandated by the Ohio Supreme Court in the case of Marker v. Grimm (1992) 65 Ohio St.3d 139, 601, [sic] N.E.2d 496.
 {¶ 5} "[2.] The trial court erred and abused its discretion by applying a prior verbal agreement to a downward deviation in child support where the appellant rejected the prior agreement by filing a motion to modify child support and the marginally extended parenting time does not justify the amount of the deviation."
 {¶ 6} In her first assignment of error, appellant argues that the trial failed to comply with the mandatory requirements of R.C. 3119.22. R.C. 3119.22 states in pertinent part: "If it deviates, the court must enter in the journal the amount of child support calculated pursuant to the basic child support schedule and the applicable worksheet, through the line establishing the actual obligation, its determination that that amount would be unjust or inappropriate and would not be in the best interest of the child, and findings of fact supporting that determination." Before proceeding, we note that R.C. Chapter 3119, which governs the procedures for awarding and calculating child support, repealed and replaced R.C. Chapter 3113 on March 22, 2001.
 {¶ 7} The requirements of R.C. 3119.22, formerly R.C. 3113.21.5, are mandatory and a trial court's failure to fully comply with the literal requirements of the statute constitutes reversible error. Markerv. Grimm (1992), 65 Ohio St.3d 139; Coleman v. Campbell, 11th Dist. No. 2001-G-2401, 2002-Ohio-3841, 2002 Ohio App. LEXIS 3935. In this case, the trial court attached a copy of the child support calculation worksheet to its January 28, 2002 judgment entry, adopted the magistrate's findings of fact, made an additional finding of fact, and found that a deviation would be in the best interests of the children. However, pursuant to R.C. 3119.22, the trial court's efforts were technically insufficient.
 {¶ 8} Under the mandate of R.C. 3119.22, the trial court also should have included in its Jan. 28, 2002 judgment entry the original annual obligation of $13,044.79 from line 23 of the worksheet, the deviation amount of $5,946.53, and the actual obligation amount of $7,098.26. Furthermore, the trial court was required to state that the original support amount of $13,044.79 would be "unjust and inappropriate" per the original agreement of the parties. As a result, R.C. 3119.22
requires the above-mentioned additions be made to the January 28, 2002 judgment entry. However, we also note that the trial court's adoption of the magistrate's findings of fact, along with the additional findings that the deviation is in the best interests of the minor children and is supported by the shared parenting time, satisfied the requirements R.C.3119.22.
 {¶ 9} While use of the judiciary's time and resources is of great concern, the requirements of R.C. 3119.22 are mandatory. As a result, we hold that the trial court's failure to fully comply with the requirements of R.C. 3119.22 in its Jan. 28, 2002 judgment entry constitutes a technical error. Appellant's first assignment of error is well taken and has merit.
 {¶ 10} Although we hold that appellant's first assignment of error possesses merit, we proceed to address the second assignment of error for purposes of remand.
 {¶ 11} In her second assignment of error, appellant claims that the trial court abused its discretion in applying a previously agreed upon deviation. In reviewing matters concerning child support deviation, the decision of the trial court should not be overturned absent an abuse of discretion. Booth v. Booth (1989), 44 Ohio St.3d 142, 144. An abuse of discretion exists only where the court's action is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1989),5 Ohio St.3d 217, 219.
 {¶ 12} As previously mentioned, appellee testified at the magistrate's hearing that the $5,946.53 downward deviation was agreed upon by the parties due to the extended parenting time appellee had with the children. This testimony was uncontested and uncontroverted by appellant. The $5,946.53 downward deviation was entered on the appropriate line of the child support worksheet, signed and dated by both parties on February 23, 2001, and incorporated in to the shared parenting plan via article 7 of the agreement. As a result, the deviation amount became incorporated into the shared parenting plan. We also note that the original shared parenting plan was never appealed.
 {¶ 13} A shared parenting plan is a contract if adopted by the court. See Harbottle v. Harbottle, 9th Dist. No. 20897, 2002-Ohio-4859, 2002 Ohio App. LEXIS 4906; Boldt v. Boldt (Dec. 9, 1998), 9th Dist. No. 18736, 1998 Ohio App. LEXIS 5854. Thus, in interpreting and enforcing provisions of a shared parenting plan, a court must follow the rules of contract construction and interpret the shared parenting plan "so as to carry out the intent of the parties, as that intent is evidenced by the contractual language." Skivolocki v. East Ohio Gas Co. (1974),38 Ohio St.2d 244, paragraph one of the syllabus. If the terms in a shared parenting plan are unambiguous, then the words must be given their plain, ordinary, and common meaning. See Forstner v. Forstner (1990),68 Ohio App.3d 367.
 {¶ 14} As noted in the magistrate's findings of fact, the original shared parenting plan was silent as to the reasons behind the deviation. However, appellee presented uncontroverted testimony at the December 3rd hearing that the reason for the deviation was due to his extended parenting time with the children. R.C. 3119.23(D) lists extended parenting time as one of the factors a court may consider in determining whether to grant a deviation pursuant to R.C. 3119.22. Furthermore, R.C. 3119.23
states: "The court may accept an agreement of the parents that assigns a monetary value to any of the factors and criteria listed in this section that are applicable to their situation."
 {¶ 15} The evidence is uncontroverted that the parties assigned a value of $5,946.53 to appellee's extended parenting time with the children. This amount was agreed upon and unambiguously incorporated into the parties' original shared parenting agreement as adopted by the court. We also find it important to note that neither party filed a motion to modify the original shared parenting agreement until the present. At the time of appellant's motion to modify child support, the original terms and conditions with respect to the agreed upon deviation had not changed. Thus, the trial court was bound to enforce the contractual agreement between the parties in this case. As noted in the trial court's judgment entry, the "deviation from the guideline child support amount is as valid now as it was at the time the parties entered into their shared parenting agreement."
 {¶ 16} The record establishes that the deviation was agreed upon by both parties and incorporated into the terms of a shared parenting plan. Indeed, appellant admits in her objections to the magistrate's decision that the deviation was an agreed part of the shared parenting plan. As a result, we hold that the trial court did not abuse its discretion in enforcing the terms of the shared parenting agreement for the purposes of calculating appellee's child support. Appellant's second assignment of error is without merit.
 {¶ 17} Based on the foregoing analysis, we remand the case to the trial court based on our conclusion that it did not include the mandatory elements outlined in R.C. 3119.23 in its judgment entry. Upon remand, the trial court is instructed to include in its judgment entry the original annual obligation of $13,044.79 from line 23 of the worksheet, the deviation amount of $5,946.53, and the actual obligation amount of $7,098.26. Furthermore, the judgment entry is required to state that the original support amount of $13,044.79 would be "unjust and inappropriate" per the original agreement of the parties. Aside from the foregoing corrections, the judgment of the trial court is affirmed on the merits and in all other respects. The matter is hereby reversed and remanded for proceedings consistent with this opinion.
DONALD R. FORD and JUDITH A. CHRISTLEY, JJ., concur.