OPINION
{¶ 1} Danny Barnes is appealing the judgment of the Darke County Common Pleas Court that interpreted the parties' shared parenting agreement to mean that Christine Barnes[1] had visitation of the children in the summer on the weekdays that Danny worked.
 {¶ 2} Danny and Christine terminated their marriage in November of 2001. The parties had five children as a result of the marriage. As part of the divorce proceedings, the parties entered into a shared parenting agreement. The shared parenting agreement provided as follows:
 {¶ 3} "2. RESIDENTIAL STATUS OF THE MINOR CHILDREN: the parties agree to share time with the minor children pursuant to the schedule as set forth below.
 {¶ 4} "a. The children shall reside with the mother during the school year.
 {¶ 5} "* * *
 {¶ 6} "d. Father shall have Parenting time with the children during the summer months commencing within one week of school ending until five (5) days prior to the beginning of school.
 {¶ 7} "e. During the school year Father shall have visitation pursuant to the following schedule:
 {¶ 8} "1. Week One, Tuesday, Thursday, 4:30-8:30 p.m. and shall be responsible for all transportation.
 {¶ 9} "2. Week Two, Tuesdays and Thursdays 4:30-8:30 p.m. andshall have the children for the weekend, Friday-Sunday.
 {¶ 10} "3. During the summer months mother shall have visitation every other weekend and shall have the children everyweekday while father is at work." (Emphasis added.)
 {¶ 11} Danny filed a motion to hold Christine in contempt for, among other things, failing to watch their children on weekdays in the summer while Danny worked. Danny had to arrange for his mother to watch the children while he worked in the summer months. In addition to ordering Christine to watch the children on the summer weekdays that he works, Danny sought for the court to determine a value for this time that Christine did not take the children and compensate him for this amount.
 {¶ 12} Christine testified before the magistrate that she often picked the children up in the summer from Danny's mother on weekdays Danny worked. However, she did state that there were occasions that she did not pick up the children because she had been pregnant, hospitalized for a period of time, and a friend had passed away. Additionally, Christine testified that Danny had not always picked up the children on days he was scheduled to have them.
 {¶ 13} The magistrate determined that the shared parenting agreement had given Christine visitation with the children in the summer on the weekends and on weekdays that Danny worked. The magistrate held that visitation is a benefit parents are entitled to and not something they are ordered to perform. Therefore, the magistrate determined that it is not appropriate to set a monetary value on the time that visitation is not exercised.
 {¶ 14} Danny filed objections to the magistrate's decision with the trial court. The trial court adopted the decision of the magistrate on this issue. Danny has filed this appeal from the judgment of the trial court.
 {¶ 15} Danny essentially argues on appeal that the lower court erred in determining that the shared parenting agreement only gave Christine visitation on summer weekdays that Danny worked, but rather that the agreement essentially ordered her to provide childcare for the children on weekdays while he worked in the summer. We disagree.
 {¶ 16} A shared parenting plan that has been approved and incorporated into either a dissolution or a divorce decree is essentially a contract. Forstner v. Forstner (1990),68 Ohio App.3d 367, 372; Boldt v. Boldt (Dec. 9, 1998), Summit App. No. 18736. Therefore, interpretation of a shared parenting plan is a matter of law and subject to the same rules of construction as other contracts. Id. The goal in construing a contract is to give effect to the intent of the parties as evidenced by the contract language. Skivlocki v. East Ohio Gas Co. (1974),38 Ohio St.2d 244, paragraph one of syllabus.
 {¶ 17} In support of his argument that the shared parenting agreement ordered Christine to take the children on summer weekdays that Danny worked, Danny points to the wording of the agreement that states that Christine "shall have the children
every weekday while father is at work." (Emphasis added.) However, this is under a heading that is discussing the visitation schedule. Moreover, we find it particularly interesting that the wording of the agreement providing for Danny to have the children on weekends during the school year uses essentially the same language, stating Danny "shall have thechildren for the weekend, Friday-Sunday." (Emphasis added.) Yet, Danny does not argue that the shared parenting agreement is ordering him to provide childcare every other weekend during the school year and that he should have to compensate Christine for the occasions when he has failed to pick up the children for those weekends. We find that the two phrases should be interpreted consistently. The agreement provisions evidence an intent for Christine's summer weekday time with their children to be visitation. Therefore, we agree with the lower court that this time was visitation, not an order for Christine to provide childcare during this time period.
 {¶ 18} As visitation, Christine was not required to exercise these opportunities to be with her children. Although it is likely in the children's best interest for children to have as much time with their parents as possible, visitation is not a court mandate that the parent exercise the visitation. Rather, a parent is entitled to visitation, and it is inappropriate to hold a parent in contempt for her failure to exercise all the possible visitation.
 {¶ 19} Additionally, Danny argues that his child support calculation does not take into consideration Danny having to find daycare for the summer weekdays that Christine does not pick up the children. However, the lower court noted in its opinion that if Danny is forced to incur childcare costs for his working hours while he is the residential parent, a modification to the child support may be appropriate. However, Danny has not moved for a modification of the child support order based on his childcare costs.
 {¶ 20} Having reviewed the shared parenting agreement, we agree with the trial court that the provision of the agreement regarding the summer weekdays that Danny works merely extends a right of visitation to Christine rather than ordering her provide childcare. Danny's assignment of error is without merit and is overruled.
 {¶ 21} The judgment of the trial court is affirmed.
Fain, P.J. and Grady, J., concur.
[1] In the interest of clarity, the parties will hereinafter be referred to by their first names.