[Cite as *Walsh v. Walsh*, 2022-Ohio-3373.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| KENNETH J. WALSH, | **CASE NO. 2022-A-0030** |
| Petitioner-Appellant, | |
| - vs - | Civil Appeal from the<br>Court of Common Pleas |
| CARMELLA A. WALSH, | |
| Petitioner-Appellee. | Trial Court No. 2016 DR 00334 |

**O P I N I O N**

Decided: September 26, 2022
Judgment: Affirmed

*Kenneth J. Walsh*, pro se, 1144 Lloyd Road, Wickliffe, OH 44092 (Petitioner-Appellant).

*Darya Jeffreys Klammer*, The Klammer Law Office, Ltd., 7482 Center Street, Unit 6, Mentor, OH 44060 (For Petitioner-Appellee).

MARY JANE TRAPP, J.

{¶1} Appellant, Kenneth J. Walsh ("Mr. Walsh"), appeals from the judgment entry of the Ashtabula County Court of Common Pleas, which issued several post-judgment orders regarding the dissolution decree and separation agreement between Mr. Walsh and his former spouse, appellee Carmella A. Walsh ("Ms. Walsh").

{¶2} Mr. Walsh asserts three assignments of error, contending that (1) the trial court erred by failing to apply the law with respect to the parties' oral modifications to their separation agreement; (2) the magistrate erred by stating that the separation agreement could not be modified orally; and (3) the trial court erroneously interpreted the provisions

in the separation agreement regarding his obligations to repair and maintain Ms. Walsh's residence.

{¶3}   After a careful review of the record and pertinent law, we find as follows:

{¶4}   (1) The trial court did not err by disregarding the alleged oral modifications to the parties' separation agreement.  In light of the statutes governing dissolution proceedings and the express terms of the separation agreement requiring *written* modifications, the trial court had no legal authority to modify the separation agreement pursuant to an oral agreement.

{¶5}   (2) We find no reversible error with respect to the magistrate's purported statements.  Our appellate review involves the trial court's final judgment, not the magistrate's oral statements, and the magistrate's comments were a correct statement of the law.

{¶6}   (3) The trial court did not err in its interpretation of the separation agreement.  Since there is no express language limiting Mr. Walsh's repair/maintenance obligations to conditions arising post-judgment, his obligations encompassed the residence's existing conditions.

{¶7}   Thus, we affirm the judgment of the Ashtabula County Court of Common Pleas.

## Substantive and Procedural History

{¶8}   Mr. Walsh and Ms. Walsh were married in 1983.  In 2016, the parties, pro se, filed a petition for dissolution of marriage without children in the Ashtabula County Court of Common Pleas, attaching a separation agreement.  Following a hearing, the parties submitted written modifications to their separation agreement.  Following a second

2

Case No. 2022-A-0030

hearing, the trial court filed a judgment entry that granted the parties a dissolution and incorporated the terms of their separation agreement, as modified.[1]

{¶9} The separation agreement and the 2016 entry provided, in relevant part, as follows:

{¶10} (1) Mr. Walsh was awarded certain real property in Gates Mills, and Ms. Walsh was awarded certain real property in Willoughby Hills. The parties agreed to transfer their respective property interests within six months.

{¶11} (2) Mr. Walsh was required to pay monthly spousal support of $2,000 directly to Ms. Walsh and $150,000 in cash via a home equity loan on the Gates Mills property. Ms. Walsh was permitted to file a lien on the Gates Mills property in the amount of $350,000 to be paid upon the property's sale. The parties agreed to begin the loan and lien processes within 30 days after the property transfers.

{¶12} (3) Mr. Walsh was responsible for the interior and exterior repairs and maintenance to the Willoughby Hills property as long as Ms. Walsh resided there. Mr. Walsh's spousal support and repair/maintenance obligations were terminable upon his reaching the age of 70, the death of either party, or Ms. Walsh's cohabitation or remarriage, none of which occurred in the underlying matter.

{¶13} According to Mr. Walsh, the parties orally modified their separation agreement, at Ms. Walsh's request, immediately after the 2016 entry was filed. Pursuant to this alleged oral agreement, Mr. Walsh would pay all of Ms. Walsh's expenses in lieu of monthly spousal support, the $150,000 sum, and the $350,000 lien, and the parties

---

1. Although neither party resided in Ashtabula County, the entry states that the parties waived venue and voluntarily appeared there.

Case No. 2022-A-0030

would transfer their respective property interests "later on." According to Ms. Walsh, however, she did not initiate or agree to these terms. Although she did not file a legal challenge when these terms were implemented, she repeatedly requested that Mr. Walsh perform the obligations set forth in the separation agreement and the 2016 entry.

{¶14} Over three years later, in February 2020, Mr. Walsh transferred his interest in the Willoughby Hills property to Ms. Walsh. According to Ms. Walsh, she refused to transfer her interest in the Gates Mills property at that time because Mr. Walsh refused to pay the $150,000 sum or permit her to file the $350,000 lien.

{¶15} Meanwhile, Ms. Walsh sent Mr. Walsh a list of repairs for the interior and exterior of her Willoughby Hills residence, which included a leaking roof and resulting water damage, cracks and holes in the driveway, cracks in the sidewalk, a damaged deck, and damaged kitchen cabinets.

{¶16} Mr. Walsh largely failed to complete or refused to perform the requested repairs. According to Mr. Walsh, he was not required to make "capital improvements," such as replacement or remodeling, nor was he required to repair any conditions that existed at the time the 2016 entry was filed.

{¶17} In June 2020, Mr. Walsh, pro se, filed a "Post Judgment Motion to Reopen above captioned case and Compel Defendant to Transfer Property Interest." Ms. Walsh appeared through counsel and filed a response to Mr. Walsh's motion, a motion to show cause, and a motion for attorney fees. She contended that Mr. Walsh should be held in contempt of court for failing to satisfy his obligations in the 2016 entry. Mr. Walsh filed a response denying that he had failed to satisfy his obligations based on the parties' oral modifications to their separation agreement.

**{¶18}** Following a pretrial hearing in October 2020, the magistrate filed an order requiring Mr. Walsh to pay monthly spousal support of $2,000 directly to Ms. Walsh pursuant to the 2016 entry. Mr. Walsh appealed, which we dismissed for lack of a final appealable order. *See Walsh v. Walsh*, 11th Dist. Ashtabula No. 2020-A-0050, 2020-Ohio-6998.

**{¶19}** In April 2021, the magistrate held a hearing on all pending motions. Mr. Walsh and Ms. Walsh both testified and presented documentary evidence.

**{¶20}** The magistrate filed a decision setting forth findings of fact and conclusions of law. The magistrate rejected the alleged oral modifications to the parties' separation agreement because they were not in writing. The magistrate also determined, in relevant part, as follows:

**{¶21}** (1) Mr. Walsh was in contempt of court for failing to repair and maintain the deck, driveway, sidewalk, roof, and interior leak damage relating to Ms. Walsh's Willoughby Hills residence. Mr. Walsh's repair and maintenance obligations applied to all conditions existing at the time of the separation agreement and the 2016 entry and any condition that subsequently arose. However, Mr. Walsh was not required to *replace* the roof, driveway, or sidewalk.

**{¶22}** (2) Mr. Walsh substantially complied with the entry's spousal support order by making in-kind payments; however, he was ordered to pay $7,541.51 in arrearages.

**{¶23}** (3) Mr. Walsh was not in contempt of court in relation to the $350,000 lien; however, Ms. Walsh was granted and was ordered to prepare and file a lien in that amount.

5

{¶24} (4) Mr. Walsh was not in contempt of court for failing to pay $150,000 to Ms. Walsh; however, he was ordered to apply for an equity loan in that amount following Ms. Walsh's deposit into escrow of a quit claim deed transferring her interest in the Gates Mills property.

{¶25} Mr. Walsh filed objections to the magistrate's decision, which Ms. Walsh opposed. The trial court filed a judgment entry that overruled Mr. Walsh's objections and affirmed and adopted the magistrate's decision in its entirety. Mr. Walsh appealed, which we dismissed for lack of a final appealable order because the trial court did not set forth its ruling on the matter. *See Walsh v. Walsh*, 11th Dist. Ashtabula No. 2022-A-0004, 2022-Ohio-1101.

{¶26} Mr. Walsh filed a motion for a final appealable order.[2] The trial court subsequently filed a judgment entry that adopted the magistrate's findings of fact and issued orders consistent with the magistrate's decision.

{¶27} Mr. Walsh filed the instant appeal and raises the following three assignments of error:

{¶28} "[1.] The Trial Court erred by not applying law with respect to the oral changes made to the original Separation Agreement of November 2016., case no. 2016 DR 334 in the Ashtabula County Court of Common Pleas.

{¶29} "[2.] Magistrate Russo erred in stating at the hearing on October 1, 2020 that the Separation Agreement cannot be changed orally. Magistrate Russo then restated

---

2. Mr. Walsh also filed a petition in this court for a writ of procedendo ordering the trial court judge to issue a final appealable order. *See Walsh v. Sezon*, 11th Dist. Ashtabula No. 2022-A-0024. We granted Mr. Walsh's motion to dismiss his petition following the trial court's issuance of a final appealable order.

6

Case No. 2022-A-0030

at April 12, 2021 trial again that the parties voluntary Separation Agreement of November 2016 cannot be changed orally and affirmed by Judge Sezon.

**{¶30}** "[3.]  Trial Court erred in not properly interpreting the repairs and maintenance clause in the Separation Agreement of November 2016." [sic throughout.]

## Standard of Review

**{¶31}** In reviewing an appeal from a trial court's decision adopting a magistrate's decision, we determine whether the trial court abused its discretion. *Nedel v. Nedel*, 11th Dist. Portage No. 2007-P-0022, 2008-Ohio-1025, ¶ 27.  An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting *Black's Law Dictionary* 11 (8th Ed.Rev.2004).

**{¶32}** Where the issue on review has been confided to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error.  *Id.* at ¶ 67.  When a pure issue of law is involved in appellate review, however, the mere fact that the reviewing court would decide the issue differently is enough to find error.  *Id.*

## Oral Modifications

**{¶33}** In his first assignment of error, Mr. Walsh contends that the trial court erred by failing to recognize the parties' alleged oral modifications to their separation agreement.

**{¶34}** "In Ohio, dissolution is a creature of statute that is based upon the parties' consent.  It is this mutuality component of a dissolution that distinguishes it from termination of a marriage by divorce.  Indeed, 'mutual consent is the cornerstone of our

7

dissolution law.'" *In re Whitman*, 81 Ohio St.3d 239, 241, 690 N.E.2d 535 (1998), quoting *Knapp v. Knapp*, 24 Ohio St.3d 141, 144, 493 N.E.2d 1353 (1986).

**{¶35}** "An integral part of the dissolution proceeding is the separation agreement agreed to by both spouses," which constitutes "a binding contract between the parties." *Id.* "If the court is satisfied that both parties agree to the dissolution and to the terms of the separation agreement, then a judgment or decree of dissolution is granted whereby the marriage is legally terminated." *Id.*; *see* R.C. 3105.65(B).

**{¶36}** Courts retain only limited jurisdiction in dissolution proceedings. *In re Whitman* at *241*. For instance, R.C. 3105.65(B) provides that "[t]he court * * * may modify the amount or terms of spousal support * * * *only* in accordance with [R.C. 3105.18(E)(2)]." (Emphasis added.) R.C. 3105.18(E)(2), in turn, provides that "if a continuing order for periodic payments of money as spousal support is entered in a * * * dissolution of marriage action that is determined on or after January 1, 1991, the court that enters the decree of * * * dissolution of marriage *does not have jurisdiction* to modify the amount or terms of * * * spousal support unless the court determines that the circumstances of either party have changed and * * * *the separation agreement that is approved by the court and incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of * * * spousal support*." (Emphasis added.)

**{¶37}** Here, the separation agreement expressly states that "the Court shall *not* retain jurisdiction to modify spousal support." (Emphasis added.) Therefore, Mr. Walsh could not satisfy the statute's jurisdictional requirement.

**{¶38}** R.C. 3105.65(B) also provides that "[t]he court may modify the division of property provided in the separation agreement *only* upon the *express written* consent or

8

agreement of both spouses." (Emphasis added.) Mr. Walsh never asserted or purported to establish that Ms. Walsh expressly agreed or consented *in writing* to a modification of the property division. Therefore, Mr. Walsh could not satisfy this statutory requirement.

{¶39} Mr. Walsh counters that R.C. 3105.65(B) is written in the disjunctive, which means that parties can modify a property division either by "express written consent" *or* by "agreement." According to Mr. Walsh, an "oral" agreement is sufficient for purposes of the statute.

{¶40} Mr. Walsh's proposed construction is not reasonably supported by the statutory text or basic rules of grammar. A plain reading of the statute indicates that the "express written" requirement applies to "consent" *and* "agreement."

{¶41} Further, the separation agreement expressly provides that "[n]o change to the terms of this Agreement shall be valid unless *in writing* and knowingly and voluntarily *signed* by both parties." (Emphasis added.) This court has held that "where a contract or separation agreement prohibits oral modifications and requires any changes to be made in writing, a trial court correctly disregards the alleged modification and looks to the four corners of the [s]eparation [a]greement * * *." *Grzely v. Singer*, 2012-Ohio-2440, 971 N.E.2d 481, ¶ 22 (11th Dist.). Similarly, the Fifth District Court of Appeals has held that "where a separation agreement provides for no oral modifications, and requires any changes be made in writing and executed by both parties, a trial court correctly concludes an attempted oral modification of the agreement is ineffective and unenforceable." *Garofalo v. Garofalo*, 5th Dist. Stark No. 95-CA-00395, 1996 WL 363071, *1 (May 28, 1996).

{¶42} In sum, the trial court had no legal authority to modify the separation agreement pursuant to the parties' alleged oral agreement. Accordingly, the trial court did not err in disregarding the alleged oral modifications.

{¶43} Mr. Walsh's first assignment of error is without merit.

**Magistrate's Statements**

{¶44} In his second assignment of error, Mr. Walsh contends that the magistrate erred by stating during the October 2020 pretrial and the April 2021 evidentiary hearing that the separation agreement could not be modified orally.

{¶45} "It is well-settled that a court speaks only through its judgment entries and not by oral pronouncements." *Mentor v. Kreischer,* 11th Dist. Lake No. 93-L-198, 1994 WL 590330, *1 (Sept. 23, 1994); *see In re Guardianship of Hollins*, 114 Ohio St.3d 434, 2007-Ohio-4555, 872 N.E.2d 1214, ¶ 30 ("We have repeatedly stated that a court speaks exclusively through its journal entries"). Thus, our appellate review in this case involves the trial court's judgment entry, not oral statements the magistrate may have made at pre-judgment hearings.

{¶46} In any event, the only transcript in the record before us is for the April 2021 proceeding, which indicates that the magistrate disagreed with Mr. Walsh's contention that an "agreement" to modify a property division under R.C. 3105.65(B) was not required to be in writing. For the reasons explained above, the magistrate's comments were a correct statement of the law.

{¶47} Mr. Walsh's second assignment of error is without merit.

10

Case No. 2022-A-0030

**Repairs and Maintenance**

{¶48} Finally, in his third assignment of error, Mr. Walsh contends that the trial court erroneously interpreted the separation agreement with respect to his obligations to repair and maintain Ms. Walsh's residence.

{¶49} "Since a separation agreement is a contract, its interpretation is a matter of law. It is subject to the same rules of construction as other contracts." *Forstner v. Forstner*, 68 Ohio App.3d 367, 372, 588 N.E.2d 285 (11th Dist.1990). "The primary principle which courts must follow is that the contract must be interpreted 'so as to carry out the intent of the parties * * *.'" *Id.*, quoting *Skivolocki v. East Ohio Gas Co.*, 38 Ohio St.2d 244, 313 N.E.2d 374 (1974), paragraph one of the syllabus. "Pursuant to this rule, it has been held that when a term in an agreement is unambiguous, then the words must be given their plain, ordinary and common meaning; however, when the term is not clear, parol evidence is admissible to explain the meaning of the words." *Id.*

{¶50} The provision at issue provides, "[Mr. Walsh] shall be responsible for repairs and maintenance to [the Willoughby Hills property], both interior and exterior, as long as [Ms. Walsh] resides there." Mr. Walsh contends that he was not responsible for repairing conditions to the residence that existed at the time the 2016 entry was filed. Rather, Ms. Walsh received the Willoughby Hills property "as is."

{¶51} There is no express language to this effect or otherwise limiting Mr. Walsh's repairs and maintenance obligations. Principles of contract interpretation preclude us from rewriting a contract by adding language or terms that the parties omitted. *See DDR Rio Hondo, L.L.C. v. Sunglass Hut Trading, L.L.C.,* 8th Dist. Cuyahoga No. 98986, 2013-Ohio-1800, ¶ 23; *Smithers v. Rossford Exempted Village School Dist. Bd. of Edn.*, 6th

11

Dist. Wood No. 93WD070, 1994 WL 262542, *2 (June 10, 1994) ("It is impermissible for a court interpreting a contract to add terms which do not appear therein").  Thus, based on the plain and ordinary meaning of the language, Mr. Walsh's repair/maintenance obligations encompassed the residence's existing conditions.  Accordingly, the trial court did not err in its interpretation of the separation agreement.

{¶52}  Mr. Walsh's third assignment of error is without merit.

{¶53}  In sum, the trial court did not abuse its discretion in adopting the magistrate's decision.

{¶54}  For the foregoing reasons, the judgment of the Ashtabula County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, J.,

JOHN J. EKLUND, J.,

concur.

12