WESSELMAN, Appellee,

v.

WESSELMAN, Appellant.

[Cite as *Wesselman v. Wesselman* (1993), 88 Ohio App.3d 338.]

Court of Appeals of Ohio,
Butler County.

No. CA92–08–151.

Decided June 21, 1993.

---

1. The issue of attorney fees and interest is improper before that court and is not to be heard on remand.

*Clayton G. Napier,* for appellee.

*Mary Lou Kusel,* for appellant.

Walsh, Judge.

Defendant-appellant, Lynne Wesselman, appeals a decision of the Butler County Court of Common Pleas, Domestic Relations Division, concerning her motion to order plaintiff-appellee, Roy L. Wesselman, to pay an alleged child support obligation.

The record indicates that the parties obtained a dissolution of their marriage in 1988. Custody of the minor child of the marriage, Talina, was awarded to appellant.

Pursuant to the terms of the parties' dissolution agreement, which was incorporated into the trial court's decree, appellee was obligated to pay "50 percent of child's educational costs including private elementary, junior high, high school, and college, including tuition, books, board and school expenses." In the school year 1990–1991, the child attended Community Christian School. Costs for the school year totaled $1,500. The record indicates that appellee paid one-half of that sum.

In the fall of 1991, appellant enrolled the child in the LaValle School. Tuition and related expenses at the LaValle School were $3,600 per year. It is undisputed that appellant paid no part of these expenses for the 1991–1992 school year.

On March 26, 1992, appellant filed a motion for contempt on the basis that appellee had failed to pay his share of the educational expenses. A hearing was conducted before a referee on May 5, 1992. The referee found that "the parties reasonably contemplated the expense of a Christian education and not any private school in southwestern Ohio * * *." The referee concluded that the parties intended for Talina to continue at Community Christian School and therefore ordered appellee to pay appellant $750, representing one-half of the costs of the expenses at Community Christian School. The referee also denied appellant's motion for attorney fees.

Appellant filed objections to the referee's report, and a hearing was conducted on July 21, 1992. On July 24, 1992, the trial court overruled appellant's objections and adopted the referee's report.

Appellant brings the instant appeal, setting forth the following assignments of error:

"Assignment of Error No. 1:

"The trial court erred to the prejudice of the appellant in adopting a recommendation that limited appellee's obligation to pay 50% of the school expenses for his minor child, when there is no evidence to support such a limitation.

"Assignment of Error No. 2:

"The trial court erred to the prejudice of the appellant in failing to award her attorney fees and costs."

In the first assignment of error, appellant contends that the court erred in limiting appellee's obligation to one-half of the expenses of sending Talina to Community Christian School. She argues that the decree of dissolution contained no language concerning which school Talina was to attend and that the trial court improperly construed the decree.

A trial court may not place limitations on a parent's obligation to pay for educational expenses where the decree does not contain such limitations. *Leser v. Johnson* (June 10, 1991), Warren App. No. CA90–06–038, unreported, 1991 WL 99616. In *Leser*, we held that the trial court erred in limiting the father's obligation for tuition to a school comparable to the Ohio State University. We held that, absent restrictive language in the decree, the court could not place conditions on a parent's obligation to pay educational expenses.

We find *Leser* to be controlling in the instant case. The decree contains no restrictive language concerning the expense or religious affiliation of the school Talina would attend. It merely states that appellee is to pay one-half of the child's educational costs, "including private elementary school." It is undisputed that the LaValle School falls within that description. Given the lack of restrictive language in the decree, the trial court had no basis upon which to find that the parties contemplated a Christian education for Talina and particularly that the parties intended for her to remain in the Christian Community School.

Appellee argues that the trial court properly limited his obligation for Talina's educational expenses based upon his limited financial means. We are not persuaded. First, the record indicates that appellee earns approximately $41,000 per year, and there is no evidence that he would be unable to pay for one-half of the tuition at the LaValle School. Second, a trial court may consider the parent's ability to afford educational expenses only where the education provision in the decree is ambiguous. See *Wurts v. Wurts* (Sept. 19, 1986), Montgomery App. No. 9098, unreported, 1986 WL 10315. There is no such ambiguity in the instant case. We find that the trial court erred in refusing to order appellee to pay one-half of the expenses associated with Talina attending the LaValle School, and the first assignment of error is accordingly sustained.

In her second assignment of error, appellant argues that the trial court erred in not making an award of attorney fees. The dissolution decree provides as follows:

"Each party agrees to perform any act required or necessary to carry out this Agreement and any provision hereof, and in the event of a party's failure or

refusal to do so, the other party shall be entitled to collect attorney fees and court costs in any action required to enforce rights and duties conferred or imposed hereunder."

■ Provisions in a dissolution decree requiring a party to pay the other party's attorney fees if legal proceedings are instituted to enforce the terms of the decree are valid and enforceable. *Elliott v. Elliott* (Apr. 25, 1988), Preble App. No. CA87–07–020, unreported, 1988 WL 38511. In the case at bar, appellant was required to institute contempt proceedings to enforce the decree, and as we found above, was entitled to one-half of the expenses incurred at the LaValle School.

Appellee contends that he is not liable for attorney fees, however, as the amount owed pursuant to the decree was in dispute. This argument is not persuasive. It was undisputed that appellee had failed to pay any portion of Talina's educational expenses for the 1991–1992 school year. Thus, even had appellee been correct in arguing that he was liable for only one-half of the tuition at Community Christian School, the fact remains that he contributed nothing to Talina's educational expenses during the relevant period. Therefore, we find that an award of attorney fees was warranted. As the trial court did not entertain evidence as to the proper amount of attorney fees, it is instructed to do so on remand. Appellant's second assignment of error is sustained.

The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed
and cause remanded.*

JONES, P.J., and WILLIAM W. YOUNG, J., concur.