DECISION.
{¶ 1} Defendant-appellant/cross-appellee, Monica Blazic, and plaintiff-appellee/cross-appellant, John P. Blazic, both appeal a judgment of the domestic relations court relating to Monica's motions to show cause why John should not have been found in contempt for failing to pay the college expenses of the parties' child, Andrew, as provided in the divorce decree. The trial court refused to find John in contempt and ordered him to pay only a portion of the college expenses. We reverse the trial court's judgment.
 {¶ 2} The 1984 divorce decree incorporated the parties' separation agreement. It contained a provision requiring John to pay Andrew's college expenses, limited to tuition, room and board, and books until he obtained a bachelor's degree.
 {¶ 3} In the fall of 2000, Andrew began attending Providence College, a small private university in Rhode Island. John paid the tuition and room and board during Andrew's freshman year and the first semester of his sophomore year. But he made no payments at all for books.
 {¶ 4} Andrew struggled academically. He received poor grades and was placed on academic suspension. He failed to carry enough credit hours to meet the school's definition of a full-time student. Because of Andrew's poor academic performance, John refused to continue paying Andrew's college expenses, even though he acknowledged that he had the ability to pay. He stated that he would pay for Andrew to attend a less expensive state college.
 {¶ 5} Andrew continued to be enrolled in Providence College. He improved his academic performance and graduated in four years. Because John refused to pay, Monica paid for Andrew's college expenses of $73,835.32 for tuition and room and board, and $1,847.02 for books.
 {¶ 6} Monica filed a motion asking that John be found in contempt for failing to pay Andrew's college expenses. On December 24, 2002, a magistrate issued a decision recommending that John be found in contempt for failing to pay the tuition and the room and board expenses. She stated that John should not be found in contempt for failing to pay the book expenses because Monica had not submitted the bills to him. The magistrate also awarded Monica $1,447.30 as reimbursement for her costs and attorney fees.
 {¶ 7} John objected to the magistrate's decision. Among other things, he reiterated that the parties had agreed that, due to Andrew's academic problems, he would transfer to a state school with lower tuition. If he did not transfer, John would pay only the cost of an in-state student at a state school, which was approximately $3,700. The trial court sustained the objections and remanded the matter "to set at the level of the state school." The court also refused to award attorney fees to Monica.
 {¶ 8} The parties stipulated to the cost of Andrew attending a state college. Based on these stipulations and the evidence presented at a hearing, the magistrate, in a decision issued on March 1, 2004, determined that the cost of a state school would have been $27,079. Prior to the hearing, Monica had filed a supplemental motion for contempt that included a claim that John had failed to pay Andrew's book expenses as required by the decree. The magistrate determined that the book expenses were $1,846.22. Consequently, the magistrate concluded that John owed Monica $28,925.22, minus the $3,700 he had previously paid Providence College, for a total amount of $25,225.22.
 {¶ 9} The magistrate also recommended that John be found in contempt for failing to pay the book expenses as required by the decree. He stated that John could purge the contempt by paying the book expenses to Monica plus $250 for attorney fees and $400 for her travel expenses.
 {¶ 10} Both parties objected to the magistrate's decision. The trial court sustained in part and overruled in part both parties' objections. It ordered John to pay Monica $37,348, based on her calculations of the cost of tuition, room and board, and fees at a state university, including an extra semester that Andrew would have had to complete if he had transferred to a state university. The court also stated that John did not have to reimburse Monica for the book expenses and that it would not hold him in contempt. This appeal followed.
 {¶ 11} Monica presents two assignments of error for review. In her first assignment of error, she states that the trial court erred in sustaining John's objections to the magistrate's December 24, 2002, decision and remanding the matter for a determination of the costs of a state college. She argues that because the provision in the separation agreement regarding college expenses was clear and unambiguous, the trial court had no authority to modify it. She also argues that because John failed to follow the provisions of the separation agreement without seeking to modify it, a finding of contempt and an award of attorney fees were appropriate.
 {¶ 12} In her second assignment of error, Monica states that the trial court erred in sustaining John's objections to the magistrate's March 1, 2004, decision and finding that John should not be held in contempt. She argues that John failed to pay Andrew's book expenses as required by the decree and that he should have been found in contempt for failing to pay those expenses. These assignments of error are well taken.
 {¶ 13} A separation agreement is a contract between the parties, subject to the same rules of construction that govern other contracts. If the terms of a separation agreement are unambiguous, a court must give the terms their plain, ordinary meaning. Forstner v. Forstner (1990),68 Ohio App.3d 367, 372, 588 N.E.2d 285; Arcuri v. Arcuri (Nov. 3, 2000), 1st Dist. No. C-990802.
 {¶ 14} The determination of whether a contract is unambiguous is a matter of law. If it is clear and unambiguous, the court need not go beyond the plain language of the agreement to determine the rights and obligations of the parties. Aultman Hosp. Assn. v. Community Mut. Ins.Co. (1989), 46 Ohio St.3d 51, 53, 544 N.E.2d 920; Wilson v. Internatl.Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of Amer.
(Dec. 12, 1997), 1st Dist. No. C-970033. "Where no ambiguity exists, the trial court may not construe, clarify or interpret the parties' agreement to mean anything outside of that which it specifically states." Pavlichv. Pavlich, 9th Dist. No. 22357, 2005-Ohio-3305, ¶ 7; Renicker v.Wardell, 5th Dist. No. 2002AP110094, 2003-Ohio-4804, ¶ 20.
 {¶ 15} In this case, the separation agreement incorporated into the divorce decree stated, "Husband agrees to educate the child through the obtaining of a bachelor's degree. Said payment shall be limited to tuition, room, board and books. All payments shall cease at the end of the academic year in which the child attains the age of Twenty Three (23) years. Payments shall be limited to tuition, room and books."
 {¶ 16} This language was clear and unambiguous. It required John to pay for Andrew's tuition, room and board, and books as long as he was taking classes to obtain a bachelor's degree and was under twenty-three years of age.
 {¶ 17} John contends that the term "educated" was ambiguous and that Andrew was not being "educated" because of his poor grades. This interpretation of the agreement is strained at best and ignores the ordinary meaning of the term "educated." The term "educate" means "to develop the faculties and powers of (a person) by schooling; teach" and "to provide with training, knowledge of information." Random House Webster's Dictionary (3 Ed. 1998) 224. We agree with the magistrate when she stated, "The term `educated' is not ambiguous. Although Andrew's GPA reflects a `D' average, he is still attending classes and receiving credit for those classes. No evidence was presented that would explain why Andrew isn't performing better. Possibly he is learning a great deal but doing poorly on tests. Apparently Providence College is concerned about Andrew's academic performance as it has placed him on academic probation. As Mother stated, the college is in a better position to determine whether or not Andrew is being educated."
 {¶ 18} Further, under the plain language of the agreement, John's payment was not limited to the cost of a state university. A trial court may not place limitations on a parent's obligation to pay for education expenses where the decree does not contain such limitations. Wesselmanv. Wesselman (1993), 88 Ohio App.3d 338, 341, 623 N.E.2d 1300. In this case, the trial court effectively modified the provisions of the separation agreement by holding that John need only pay the cost of a state university and need not pay the book expenses. Consequently, we hold that the trial court abused its discretion by failing to apply the plain, unambiguous language of the separation agreement. See Forstner,
supra, at 373, 588 N.E.2d 285; Hyder v. Pizer, 9th Dist. No. 20791, 2002-Ohio-1744.
 {¶ 19} Monica also argues that because John failed to follow the provisions of the separation agreement without seeking to modify it, a finding of contempt and an award of costs and attorney fees were appropriate. We agree.
 {¶ 20} The trial court enforces the provisions of a separation agreement incorporated into a divorce decree through a contempt action.Harris v. Harris (1979), 58 Ohio St.2d 303, 390 N.E.2d 789, paragraph one of the syllabus; Randolph v. White (May 4, 1994), 1st Dist. No. C-930123; Roberts v. Roberts (Dec. 1, 1993), 1st Dist. No. C-920434. A person may be punished for contempt for disobedience to a lawful order of the court. R.C. 2705.02(A); Pugh v. Pugh (1984), 15 Ohio St.3d 136, 139,472 N.E.2d 1085.
 {¶ 21} The movant in a contempt proceeding must establish by clear and convincing evidence that the obligor is in contempt. The burden then shifts to the obligor to establish his inability to pay. Barnard v.Kuppin (Sept. 10, 1999), 1st Dist. Nos. C-980360 and C-980400. Proof of a purposeful, willing, or intentional violation is not a prerequisite to a finding of contempt. Pugh, supra, at paragraph one of the syllabus;Barnard, supra.
 {¶ 22} A claim of ambiguity does not justify a failure to pay under the terms of a separation agreement. The obligor may not conclude that the agreement is ambiguous and stop paying. He has an affirmative duty to clarify the agreement's meaning and to continue with his obligation. Failure to do so constitutes a default on his part. Forstner, supra, at 373-374, 588 N.E.2d 285.
 {¶ 23} In this case, Monica established by clear and convincing evidence that John had failed to pay Andrew's college expenses as required by the decree. John acknowledged his ability to pay. Consequently, he was in contempt of the court's order. He could not simply claim that the agreement was ambiguous and stop paying. We hold, therefore, that the trial court erred by failing to find him in contempt.
 {¶ 24} We sustain Monica's first and second assignments of error. We reverse the trial court's judgment sustaining John's objections to the magistrate's December 24, 2002, and March 1, 2004, decisions. We remand the case for the court to order John to pay all Andrew's expenses for tuition, room and board, and books, as the decree required. We also remand the case to the court for an order requiring John to pay Monica's costs involved in determining her two motions for contempt and this appeal, including reasonable attorney fees. See State ex rel. FraternalOrder of Police, Captain John C. Post Lodge No. 44 v. Dayton (1977),49 Ohio St.2d 219, 361 N.E.2d 428, syllabus; Natl. Equity Title Agency,Inc. v. Rivera, 147 Ohio App.3d 246, 252-253, 2001-Ohio-7095,770 N.E.2d 76; Vanguard Transp. Systems, Inc. v. Edwards Transfer Storage Co. (1996), 109 Ohio App.3d 786, 794-795, 673 N.E.2d 182.
 {¶ 25} In his sole assignment of error, John contends that the trial court erred when it improperly calculated the amount of certain fees and expenses in setting the education costs that he would have owed for a state college. Since we have already held that the trial court erred in limiting the amount of expenses John owed to the amount a state college would have cost, we overrule John's assignment of error.
 {¶ 26} In sum, we sustain both of Monica's assignments of error, reverse the trial court's judgment, and remand this case to the trial court for proceedings consistent with this decision.
Judgment reversed and case remanded.
Doan, P.J., Sundermann and Hendon, JJ.